516 So.2d 1266 (1987)
STATE of Louisiana, Appellee,
v.
Bruce LIGHTEN, Appellant.
No. 19174-KA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
*1267 Hunter, Scott, Blue, Johnson & Ross by Robert Johnson, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Michael Jedynak, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
PER CURIAM.
In the early morning of June 18, 1986, Richard Walter and Clay Slocum were accosted and robbed of their wallets and money while entering the intersection of Roger Street and Church Street in Monroe, Louisiana. The defendant, Bruce Lighten, was arrested in connection with the offense and charged with two counts of armed robbery in violation of LSA-R.S. 14:64.
The defendant was found guilty by jury trial of simple robbery in response to count two of the indictment. Pursuant to a plea bargain agreement the defendant pled guilty to simple robbery in response to count one of the indictment. The defendant was sentenced to serve five years at hard labor for each conviction. The sentences were imposed consecutively. Defendant appeals contending the sentences are excessive. We affirm.
An appellate court reviews a sentence for excessiveness utilizing a two-part test. First, the record must reflect the trial judge adequately considered the sentencing guidelines of LSA-C.Cr.P. art. 894.1 in particularizing the sentence to the defendant. The trial judge is not required to list every aggravating or mitigating circumstance where the record reveals the trial judge adequately considered the guidelines of the article in sentencing the defendant. State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ den., 439 So.2d 1074 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983). Second, the appellate court must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive in violation of LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside absent a manifest abuse of discretion by the sentencing judge. State v. Hammonds, supra.
The record reveals the trial judge adequately complied with the requirements of LSA-C.Cr.P. art. 894.1. The trial judge ordered a presentence investigation before sentencing which revealed the defendant to have a lengthy criminal history including a juvenile record and convictions for middle grade felony theft, aggravated battery, and theft. The trial judge stated his belief the defendant could not curb his criminal tendencies as he had previously been sentenced by the trial court to fifteen months at hard labor for the middle grade felony theft conviction. The trial judge further observed if defendant was released he could be expected to resort to similar criminal activities and as a result could be characterized as incorrigible. The trial judge also noted any lesser sentence would deprecate the seriousness of the present offenses of simple robbery. In mitigation, the trial judge considered defendant's assertion of having a child born out of wedlock whose mother is deceased. We conclude the trial judge adequately considered the guidelines of LSA-C.Cr.P. art. 894.1 in particularizing the sentence to the defendant.
A plea bargain which brings substantial benefits to the defendant is a legitimate *1268 consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App.2d Cir.1985); State v. George, 482 So.2d 927 (La.App.2d Cir.1986). The trial judge noted the plea bargain allowed the defendant to avoid exposure to a maximum of ninety-nine years under the armed robbery statute on count one of the indictment. Further, both sentences imposed were within the statutory maximum of seven years for the offense of simple robbery. We find no abuse of discretion in the imposition of five year sentences for each conviction of simple robbery.
Defendant further argues the sentences should not be served consecutively because the charges arose from a single transaction. LSA-C.Cr.P. art. 883 provides that if the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. The fact that multiple convictions result from a single course of conduct does not necessarily require that the sentence be served concurrently. However, a judgment directing that such sentences be served consecutively requires particular justification. State v. Ortego, 382 So.2d 921 (La.1980), cert den., 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed. 2d 58; State v. Williams, 445 So.2d 1171 (La.1984).
Factors to be considered include those enumerated under LSA-C.Cr.P. art. 894.1 as well as a consideration of whether the defendant poses an unusual risk to the safety of the public. State v. Sherer, 437 So.2d 276 (La.1983).
The imposition of consecutive sentences is amply supported by the record in this case. As previously noted, the defendant is a second felony offender. The defendant has an extensive juvenile and adult record. The defendant has a conviction for middle grade felony theft, aggravated battery, and theft, all of which occurred within a two year span. It is apparent the defendant received no benefit from his previous incarceration as he immediately returned to criminal activity in the commission of the present offense. Such a criminal history as a repeat offender indicates the defendant does impose a risk to the safety of the public. Finally, the total sentence of ten years is not severe considering the seriousness of the crimes and the maximum of ninety-nine years which could have been imposed for the armed robbery offense alone.
We find the consecutive sentences to be supported by the record and not constitutionally excessive.
The sentences are affirmed.
AFFIRMED.