677 So.2d 587 (1996)
STATE of Louisiana, Appellee,
v.
Daniel STRANGE, Appellant.
No. 28466-KA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1996.
*588 Peggy J. Sullivan, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, J. Michael Ruddick, Assistant District Attorney, for Appellee.
Before MARVIN, BROWN and STEWART, JJ.
STEWART, Judge.
Daniel Strange was charged with sexual battery. Through plea negotiations he agreed to accept a guilty plea to one count of contributing to the delinquency of a juvenile, a violation of LSA-R.S. 14:92(A)(7). The trial court imposed a 12-month hard labor sentence, with no fine. The trial court denied a timely motion to reconsider sentence without a hearing. Daniel Strange asserts the sentence is excessive. For these reasons, we affirm the trial court's judgment.

FACTS
A few days after Christmas 1994, Daniel Strange was at the home of his brother's girlfriend, Cindy Taylor, and her seven-year-old daughter. When the defendant was left alone with the young girl, he inserted his fingers into her vagina. The child complained to her mother. When confronted, the defendant admitted he put his hand inside the child's panties in the vaginal area; however, he claimed he could not remember if he penetrated her digitally. The victim's mother blamed the offense on the defendant's consumption of alcohol.
The sentencing judge reviewed the presentence investigation report, which included a guideline worksheet. The trial judge noted that the defendant had received a reduction in the charge through plea negotiations. This was the defendant's first time in trouble. The victim's mother found no lasting damage to the victim. Defendant presented an "unremarkable social history," and had a record of employment, and documented health problems.
The trial court determined, that this type of offense was eligible for probation. However, the trial court concluded that probation would not be appropriate in this instance.
The defendant fell within sentencing guideline grid cell 5-G. That cell, in the intermediate sanction zone, recommended eighty to 120 sanction units. The trial court believed Daniel Strange needed a short term of incarceration to impress upon him the seriousness of the offense. In mitigation, the court noted the defendant's consumption of alcohol, and his apology to the victim's mother. The trial court allowed the defendant to remain on bond pending his appeal.

DISCUSSION
The defendant argues that the sentencing judge failed to consider several enumerated mitigating factors, and that the sentence is excessive and should have been suspended for probation.
As to the first prong of the argument, the record shows the court specifically mentioned defendant's employment history, health considerations and remorse. The other mitigating factors were set out in defendant's motion to reconsider sentence, which the court denied after deliberation. Thus, this argument lacks merit.
Second, the argument regarding the severity of a sentence depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense, or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent *589 a showing of manifest abuse of discretion; we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2 Cir.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Thompson, 25, 583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Chriceol, 26,449 (La.App. 2d Cir. 10/28/94), 645 So.2d 286.
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983).
Under all the facts and circumstances, we find the trial judge did not abuse his broad discretion in imposing this sentence. The available evidence, viewed in the light most favorable to the prosecution, would have supported a conviction for the offense originally charged. Defendant faced up to 10 years as originally charged, and obtained a substantial benefit from his plea bargain. The trial court imposed no fine. The penalty chosen by the trial judge is appropriate for this defendant and does not shock the conscience. Thus, the assigned error is without merit.

DECREE
We have examined the record for error patent and found none. For these reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.