|! BROWN, Judge.
In December 1994, the state charged defendant, Kareem Hill, with possession of crack cocaine. Three months later, in an unrelated matter, the state charged defendant with distribution of cocaine, possession with intent to distribute and conspiracy to distribute.[1] Defendant pled guilty to a reduced charge of attempted possession of cocaine in the former case and distribution of cocaine in the latter case, in exchange for the state’s agreement to dismiss the remaining charges. The court imposed concurrent terms of imprisonment of two and one-half years at hard labor and 25 years at hard labor, respectively, and denied a timely motion for reconsideration. Defendant appeals the 25-year hard labor sentence as excessive. We affirm.

Facts

The record discloses that on December 5, 1994, members of the Monroe Police Department found defendant to be in possession of two rocks of crack cocaine. Defendant was charged with that offense and released on bond. On March 4, 1995, during a street level “buy bust” operation, defendant sold one $20 rock of cocaine to an undercover officer. A subsequent search of his mother's residence revealed 22 additional rocks of cocaine, some marijuana and $880 in cash. Laboratory analysis confirmed the identity of the substances.
As noted above, defendant pled guilty to attempted possession of cocaine and distribution of cocaine, in exchange for dismissal of the remaining charges. Defendant urges that the sentence imposed in the distribution case is excessive.

Discussion

Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of ^discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La. 1983); State v. Strange, 28,466 (La.App.2d Cir. 06/26/96), 677 So.2d 587.
Initially, we will address defendant’s argument that the trial court failed to articulate sufficient reasons for its sentences and to properly weigh certain matters in mitigation. The record before us discloses adequate compliance with La.C.Cr.P. art. 894.1, as well as the trial court’s consideration of alleged mitigating factors.
*695 Defendant was 20 years old at the time of sentencing. He was single and resided with a relative. Defendant had a sporadic employment record; there is no evidence that he contributed to the support of his two children. He had been in frequent trouble with school authorities and had dropped out of school after the ninth grade. The court considered defendant’s family history, as well as information adduced during the sentencing hearing.
Defendant was on bond for possession of cocaine when he was arrested for distribution of the same. While out on bond, defendant has had seven arrests which either have been dismissed or have had no disposition, including carrying a concealed weapon, possession of marijuana and unauthorized entry of an inhabited dwelling. These factors, together with his extensive history of delinquency, indicated to the court that defendant was likely to continue his criminal conduct.[2] ^Further, the court felt that defendant was unlikely to respond to probationary treatment due to his prior failures to complete probation successfully. The court determined that there was a need for correctional treatment and that a lesser sentence would deprecate the seriousness of the offenses. The court also considered the favorable plea bargain defendant obtained, observing that he could have received up to an additional 30 years at hard labor for possession of cocaine with intent to distribute.
On this record, we do not find an abuse of the district court’s discretion. Defendant’s plea bargain reduced his sentencing exposure by half. Further, the sentences could have been ordered to be served consecutively and did not include the imposition of a fine. The circumstances of this case do not require the imposition of a lesser sentence.
We have reviewed the record for error patent and have found none.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. Defendant’s mother is his co-defendant on these latter charges.

. Defendant's juvenile record began at age 12 when he was adjudicated a delinquent for felony theft arising from the burglary of a residence and was placed on probation. He was cited for probation violation three months later due to his failure to return to school. The juvenile court continued defendant’s probation. Two months later, he was charged with theft and resisting an officer. Defendant was continued on probation and was placed in a group home for 18 months. After his release, he was arrested again and placed in LTI in August 1990. Defendant spent his entire one year term in maximum security due to numerous disciplinary infractions and acts of defiance. In June 1992, defendant was convicted of burglary as part of a plea bargain involving the dismissal of charges of aggravated battery and contempt. He was placed in a group home but failed to return from a holiday pass. Defendant committed simple burglary and was sent to LTI again. Defendant also had numerous arrests without adjudication which the trial court noted would be given the appropriate weight.