702 So.2d 33 (1997)
STATE of Louisiana, Appellee,
v.
Ronald Gene BERRY, Appellant.
No. 29945-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*34 Steven A. Hansen, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, H. Stephens Winters, Assistant District Attorney, for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, Judge.
The defendant, Ronald Gene Berry, and his brother were originally charged with possession of marijuana with intent to distribute and conspiracy to distribute marijuana. Pursuant to a plea bargain, they pled guilty to conspiracy to distribute marijuana. The district court sentenced defendant's brother to six and one-half years at hard labor. Defendant was sentenced to serve thirteen years at hard labor. We affirm.

FACTS
On September 24,1994, Louisiana State Police in Ouachita Parish stopped a rental truck with Tennessee license plates for a traffic violation. The police also stopped a car, driven by defendant and his brother, which was following the truck. Circumstances led to a consent search of the truck which disclosed approximately fifty-one (51) pounds of marijuana in three suitcases. Further investigation revealed the three men had purchased the marijuana in Terrell, Texas and intended to distribute it in Alabama and Tennessee.
On October 14, 1994, the defendant was charged by bill of information with conspiracy to distribute marijuana. On November 14, 1996, defendant entered a plea of guilty as charged. On January 22, 1997, defendant was sentenced to thirteen (13) years at hard labor.
The trial court denied the defendant's timely motion to reconsider. The defendant appealed, arguing that the sentence was unconstitutionally excessive, that he and his brother should have received identical sentences, and that the trial court erred in considering defendant to be the leader of the conspiracy and failed to adequately consider as mitigation his offer of cooperation with authorities.

DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of *35 La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hudgins, 519 So.2d 400 (La. App. 2d Cir.), writ denied, 521 So.2d 1143 (1988); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La.App. 2d Cir. 9/25/96), 680 So.2d 1296; State v. Bradford, supra.
There is no requirement that specific matters be given any particular weight. State v. Callahan, 29,351 (La.App. 2d Cir. 2/26/97), 690 So.2d 864. The record makes clear that the court considered the matters urged by the defense prior to imposing sentence.
Nor is there any proportionality guarantee in non-capital cases unless the reviewing court finds the sentence is grossly disproportionate to the circumstances of the offense. Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); State v. Callahan, 29,351 (La.App. 2d Cir. 2/26/97), 690 So.2d 864. The cases cited by the defense, which affirmed lesser sentences for drug-related offenses, are distinguishable on the facts of the offenses involved and on the defendants' backgrounds. Those cases, decided nine to thirteen years ago, did not hold that more severe sentences would necessarily be unconstitutional. Thus, they are not controlling.
Past records of drug offenses weigh heavily in the decision to uphold the imposition of even maximum sentences. State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir.1990); State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.), writ denied, 605 So.2d 1113 (1992).
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App. 2d Cir. 6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
Prior to imposing sentence the trial court considered the facts of case, noting that the plea bargain reduced defendant's sentencing exposure by half. He had prior felony convictions for receiving stolen property and sale of marijuana. One year after the defendant's arrest on the instant offense, before the instant case could be adjudicated, he was convicted of possession of marijuana and possession of drug paraphernalia. Defendant, 42 years old, was a high school dropout. He had married twice and had four children. His work history consisted of various semi-skilled jobs. He had undergone heart surgery, but was not on medication at the time of sentencing. The court found he was not entitled to probation, was in need of correctional treatment, and that a lesser sentence would deprecate the seriousness of the offense. The court concluded that defendant had a significant criminal history and had been involved in drug trafficking for profit. This was a major economic offense due to the quantity of marijuana involved. The court noted defendant's willingness to assist law enforcement in trying to arrest his Texas supplier. Finally, the court noted that defendant acted as the leader of the conspiracy and that he easily led his younger brother. We note that defendant failed to appear in court on three occasions during the pendency of this case.
Considering all the circumstances, we do not find the sentence to be shocking to the sense of justice. Defendant has a prior conviction for drug trafficking and obtained a significant benefit from his plea bargain. Although he had sufficient assets to retain counsel, the court granted leniency by not *36 imposing a fine. The quantity of marijuana involved in this instance was substantial. The trial court observed both the defendant and his brother and reviewed their presentence investigation reports. On the showing made, we do not find an abuse of discretion. The sentence is not constitutionally excessive.
We have reviewed the record for errors patent and noted none.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.