| iPEATROSS, J.
Defendant, Dorothy H. Soles, was charged with two counts of simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2. Pursuant to a plea agreement with the State, Defendant pled guilty to one count of simple burglary, in exchange for the State’s agreement to dismiss the second count. The trial court sentenced Defendant to serve seven years at hard labor, one year being without benefit of parole, probation or suspension of sentence. A timely motion for reconsideration of sentence was denied by the trial court. On appeal, Defendant argues that her sentence is excessive. For the reasons set forth herein, we find no merit in Defendant’s argument and affirm the conviction and sentence.
FACTS
Defendant, age 54, lived in Haughton, Louisiana. On December 18, 1997, someone in the Defendant’s home telephoned one of her neighbor’s homes as identified by the neighbor’s caller identification device. The daughter of the neighbor answered the telephone and the caller asked if either the father or son was home, to which the daughter responded that they were not. After this call, the daughter left the residence. Defendant’s telephone number then appeared a second time on the neighbor’s caller I.D., after the daughter had left the residence. Later that same day, Defendant burglarized that home and the home of another neighbor, taking two shotguns which she then pawned at a Bossier City pawn shop. Defendant also admitted to taking a wedding ring set from one of the residences on December 15, 1997, and pawning it at the same pawn shop. Defendant admitted that she stole the weapons and jewelry to obtain money with which to gamble.
DISCUSSION
La. R.S. 14:62.2, Simple burglary of an inhabited dwelling, carries a penalty range of 1 to 12 years, 1 year of which must be without benefit of parole, |2probation or suspension of sentence. Defendant was sentenced to seven years at hard labor, with credit for time served, to run concurrently with a previously imposed sentence for an unrelated conviction of attempted felony theft.
*1055 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The determination should include such considerations as the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982).
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest' abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345; State v. Henton, 28,576 (La.App.2d Cir.9/25/96), 682 So.2d 777.
Defendant urges that the trial court failed to consider that her prior offense and the offense of conviction were non-violent and that she was a first-felony offender. The record, however, indicates to the contrary; the court was aware of those factors and the law is clear that there is no requirement that specific matters be given any particular weight. State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. Additionally, a plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
Prior to imposing sentence, the trial court reviewed Defendant’s PSI report. The trial court considered the facts of the case and told the 54-year-old defendant that at her age “you ought to know better” than to steal from your neighbors. Noting that Defendant had previously been sentenced to serve one year for an attempted felony theft committed on November 7, 1997, a little more than one month prior to the instant offense, the trial court told Defendant that “it looks like you’re not learning much from your mistakes.” The court also considered the benefit of the plea bargain through which Defendant obtained dismissal of one count of the instant charges. Defendant was not recommended for the IMPACT program due to her age.
On this record, we do not find constitutional error. Defendant is a mature adult with a prior attempted felony theft conviction on her record. Despite that prior conviction, between December 15 and 18, 1996, Defendant committed three ^separate unauthorized entries into two residences (she burglarized one of the residences twice). She obtained a substantial benefit from her plea bargain by avoiding any sentencing exposure for the second burglary she committed. Under the circumstances of this case, and giving due consideration to Defendant’s background, the period of imprisonment imposed does not shock our sense of justice and is not a needless or purposeless infliction of pain and suffering. We cannot say that the trial court abused its wide discretion.
We have examined the record for error patent, but found none.
CONCLUSION
For the reasons set forth above, Defendant’s conviction and sentence are affirmed.
AFFIRMED.