hPEATROSS, J.
Defendant, Shannon Shine, was charged with attempted first degree murder, in violation of La. R.S. 14:27 and 14:30(A)(1), and armed robbery, in violation of La. R.S. 14:64. Pursuant to a plea agreement with the State, Defendant pled guilty to the charge of armed robbery in exchange for the State’s agreement to dismiss the charge of attempted first degree murder. The trial court sentenced Defendant to serve 89 years at hard labor without benefit of parole, probation or suspension of sentence. Defendant’s timely motion for reconsideration was denied by the trial court. On appeal, Defendant argues that his sentence is excessive. For the reasons set forth herein, we affirm the conviction and sentence.
FACTS
On February 11, 1997, Defendant entered a Texaco station in Minden. He robbed the female cashier of $106 and stabbed her in the arm with a knife while perpetrating the robbery. Defendant was identified by the cashier from a photo lineup, a video tape recording of the incident and by DNA matching of her blood to stains on Defendant’s pants. When initially questioned, Defendant denied being at the scene. After reaching a plea bargain with the State, Defendant entered a guilty plea to armed robbery.
Defendant urges that, in sentencing him to 89 years, the trial court failed to give proper weight to the fact that he had a family and children who were dependant on him for support and that he was under the influence of alcohol at the time of the offense. Defendant asserts, therefore, that the resulting sentence is excessive. We disagree.
DISCUSSION
La. R.S. 40:64, Armed robbery, carries a penalty range of 5 to 99 years without benefit of parole, probation or suspension of sentence. Defendant was sentenced to 89 years at hard labor, without benefit and with credit for time served.
lj>The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The determination should include such considerations as the defendant’s personal history (age, family ties, marital status, health, employment record),. prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982).
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 *180 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State, v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345; State v. Henton, 28,576 (La. App.2d Cir.9/25/96), 682 So.2d 777.
There is no requirement that specific matters be given any particular weight, State v. Callahan, 29,351 (La. App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. Additionally, a plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in ^sentencing. State v. Strange, 28,466 (La. App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
A review of the record discloses that, prior to imposing sentence, the trial court considered those matters urged by Defendant. Furthermore, we find nothing in the record which suggests that the trial court’s balancing of factors in this case was manifestly erroneous.
Prior to imposing sentence and at Defendant’s request, the trial court conducted a hearing and reviewed a PSI report. The trial court noted that Defendant had a juvenile record. As an adult, Defendant had a prior conviction for armed robbery. He had pled guilty to misdemeanor theft in a plea bargain which reduced the charge from simple burglary. He also had convictions for disturbing the peace, simple battery and criminal mischief. Defendant had a problem with the use of crack cocaine. Noting that the instant offense was dangerous, leaving the victim injured both physically and mentally, the trial court expressed its concern that Defendant would kill someone. The trial court also considered Defendant’s family history and social condition. Defendant had one daughter, age three, and a sporadic employment record. He had a 10th grade education. The trial court found Defendant was intoxicated and under the influence of drugs at the time of this offense. The trial court gave Defendant favorable consideration for pleading guilty.
On this record, we do not find constitutional error. Defendant is a second-felony offender with a prior conviction for armed robbery. Defendant twice has shown a willingness to take human life without just cause. In commission of the instant offense, he caused serious bodily injury to the victim who still is undergoing treatment for her injuries. Defendant, age 30, presents a risk to society. Moreover, in the face of overwhelming evidence of guilt, Defendant’s post-guilty plea denial of culpability does not demonstrate the Lcontrition he claimed to feel in a post-sentence letter addressed to the trial court. Under these circumstances, the sentence imposed does not shock our sense of justice and does not constitute a needless or purposeless infliction of pain and suffering. We cannot say that the trial court abused its wide discretion.
CONCLUSION
For the reasons set forth above, Defendant’s conviction and sentence are affirmed.
AFFIRMED.