| .PER CURIAM.
The defendant, Reko Dewayne Russell, was originally charged with illegal use of a weapon, a violation of La. R.S. 14:94(E), and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He pled guilty to illegal use of a weapon, and the other charge was dismissed. The defendant was sentenced to 10 years at hard labor without benefit of parole, probation or suspension of sentence. He appeals. Although we find no merit to the defendant’s contention that his sentence is excessive, we amend the sentence to delete the portion withholding parole eligibility. We also direct that the defendant’s judgment of commitment be amended to delete reference to a fine.
FACTS
In April 1997, the defendant was a passenger in an automobile on East 3rd Street in Bossier City. As the car approached an elementary school playground, the defendant climbed half out the window and fired a weapon at Ramon Sheppard, who was standing near the playground. The defendant and Sheppard exchanged gunfire. In open court, the defendant admitted that he intended to frighten Sheppard.
The state charged the defendant with possession of a firearm by a convicted felon and illegal use of a weapon. In a plea bargain, the state agreed to dismiss the former charge in exchange for the defendant’s guilty plea to the latter. The trial court directed that the defendant be imprisoned for 10 years at hard labor without benefit of parole, probation or suspension of sentence and denied a timely motion for reconsideration of sentence.
LAW
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand |2is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). We find no reversible error in the trial court’s articulation of its reasons for sentence.
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A plea bargain which brings substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. *912 Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
DISCUSSION
Prior to imposing sentence upon the 22-year-old defendant, the court reviewed a presentence investigation (PSI) report. The defendant had completed the eleventh grade. He had a conviction for simple battery and a record of traffic violations. In 1995, he had been convicted of illegal use of weapons and sentenced to 18 months at hard labor. After being released on parole, he was charged with possession of marijuana and drug paraphernalia, and his parole was revoked. The court, which had presided over a related trial, noted that the defendant’s action had |3endangered the lives of many innocent men, women and children who were present at the time of the shooting.
We find no constitutional error. The defendant’s plea bargain secured dismissal of a charge which carried a mandatory minimum sentence of 10 years at hard labor. The defendant is a second felony offender and, more egregiously, has a pri- or conviction for illegal use of weapons. He clearly is a danger to society and is the worst type of offender who merits imposition of the maximum sentence available under the circumstances. The term of imprisonment imposed does not shock our sense of justice and is not a needless or purposeless infliction of pain and suffering. Therefore, the sentence is not constitutionally excessive. The assigned error lacks merit.
ERROR PATENT
 At sentencing, the trial court initially and correctly informed the defendant that he would be eligible for parole consideration. However, the court later stated twice that the defendant’s sentence would be served -without benefit of parole. The statute of conviction provides that the sentence shall be served without benefit of probation or suspension of sentence; it does not authorize denial of consideration for parole. Consequently, under the authority granted by La.C.Cr.P. art. 882(A), we delete that portion of the sentence providing that it be served without benefit of consideration for parole.
Additionally, we note that the judgment of commitment states that a fine of $1,000 was imposed. The defendant pled guilty to illegal use of a weapon under La. R.S. 14:94(E); the penalty for this offense does not include a fine. Accordingly, we direct that the fine be deleted from the judgment of commitment.
^CONCLUSION
The defendant’s conviction is affirmed. His sentence is amended to delete the requirement that it be served without benefit of parole; as amended, the sentence is affirmed. Additionally, the defendant’s judgment of commitment is amended to delete reference to a fine.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED; JUDGMENT OF COMMITMENT AMENDED.