| .PEATROSS, J.
Defendant, Kenneth D. Rose, was convicted by a jury of distribution of cocaine, a Schedule II controlled dangerous substance, in violation of La. R.S. 40:967(A)(1). The trial court sentenced Defendant to 20 years at hard labor. Defendant appeals, asserting the following four assignments of error: (1) the trial court erred in imposing an unduly harsh and excessive sentence; (2) the trial court failed to adequately articulate for the record the considerations in sentencing as required by La.C.Cr.P. art. 894.1; (3) the evidence was insufficient to sustain Defendant’s conviction; and (4) the trial court erred in failing to order a pre-sentence investigation report prior to sentencing Defendant. Finding no merit in Defendant’s assignments, we affirm his conviction and sentence.

FACTS

Defendant was arrested as the result of a buy-bust undercover operation conducted by the Shreveport Police Department (“SPD”) on July 13, 1996, on Pierre Avenue in the Allendale area of Shreveport. A buy-bust operation is when an undercover officer is equipped with an electronic transmitting device and has “buy money” with him.[1] The undercover officer is followed by an arrest team which also serves as a surveillance team monitoring the undercover officer’s activities. The undercover officer proceeds to drive through known and documented drug areas attempting to purchase narcotics from street dealers.
Officer Lee J. Scott was the officer who went undercover and made the buy from Defendant. Officer Scott testified that he was working street level interdiction on July 13, 1996, was dressed in baggy blue jeans and a baggy shirt, was wired with an electronic transmitter system and was driving an unmarked vehicle. Officer Scott had “buy money” provided to him by the SPD with which to buy the drugs. Officer Scott was targeting the Pierre Avenue area when he | ¡.approached Defendant and asked if he had any pearls, which is street language for crack cocaine. Defendant answered affirmatively, but the transaction had to be momentarily postponed when Officer Scott saw a marked police vehicle headed northbound on Pierre Avenue. Officer Scott testified that he told Defendant that the area was “too hot” and Officer Scott left and drove around the block before returning to Defendant’s location. Officer Scott testified that he did this so that he would appear to be playing the role of a nervous buyer rather than an undercover officer.
When Officer Scott returned, Defendant walked back to his vehicle. Officer Scott asked Defendant for a ten, meaning ten dollars worth of crack cocaine. Defendant then sold Officer Scott a ten-dollar rock of crack cocaine, weighing roughly .2 grams. The ten-dollar bill that Officer Scott gave to Defendant was one of the bills that the SPD had previously photocopied so that it could later be identified. This transaction took place at 5:50 p.m. It was still daylight outside and the weather was clear, so Officer Scott was able to get a good look at Defendant.
Once Defendant turned and began to walk away, Officer Scott radioed a description of Defendant’s clothing, as well as Defendant’s location, to the arrest team. *1088 The description Officer Scott gave the arrest team was of a black male dressed in a white shirt, a white hat and blue jeans. Officer Scott was able to keep Defendant in his sight until Defendant entered the Foodmart Store on the corner of Pierre Avenue and Poland Street. Defendant was followed closely by the arrest team.
Officer Scott further testified that, while he was waiting for the arrest team to contact him to identify the subject, he drove around in his car and field tested the rock that Defendant had sold to him. It tested positive for cocaine.
laAgent David Recchia of the SPD was a member of the arrest team. Agent Recc-hia testified that he was in a police van monitoring the transaction of Officer Scott and Defendant. After Officer Scott made the buy from Defendant, he heard the clothing description of Defendant as reported by Officer Scott. The arrest team was also told that Defendant was in a store at the corner of Pierre Avenue and Poland Street.
According to the testimony of Agent Recchia, some members of the arrest team, including himself, entered the store and apprehended Defendant. Defendant resisted the arrest; and, in the scuffle, Defendant’s white hat was knocked off of his .head. Defendant was then cuffed and read his rights. The arrest team took Defendant outside of the store and, by radio, requested Officer Scott to perform a drive-by for a visual recognition to ensure that they had the right person. After Officer Scott identified Defendant, Agent Recchia proceeded to perform a search of Defendant’s person incident to the arrest. During the course of this search, Agent Brian Wheeler, who was also a member of the arrest team and testified on behalf of the State, saw money fall from Defendant’s “waist area” to the ground. Agent Wheeler testified that he pointed out the money to Agent Recchia who retrieved it. Agent Wheeler further testified that he compared the serial number on the ten-dollar bill to the serial numbers on the photocopied bills and found that the ten-dollar bill recovered from Defendant was, indeed, one of the. photocopied bills.
The State then called three additional witnesses: Officer Craig Ivey, Glenda Car-mack and Randal Robillard. Officer Ivey testified that he transported the CDS to the Northwest Louisiana Crime Lab on July 19, 1996, and gave it to Ms. Carmack. Ms. Carmack testified that she is an evidence technician at the Northwest Louisiana Crime Lab and that she received the evidence from Officer Ivey and, following proper procedure, placed it into an evidence locker where it remained until a chemist took it out to analyze it. Mr. Robillard was the forensic Lchemist at the crime lab who tested the substance that Defendant sold to Officer Scott. Mr. Ro-billard determined that the substance contained cocaine.
The State rested and Defendant did not present any evidence. As previously stated, Defendant was found guilty of distribution of a Schedule II controlled dangerous substance. On February 24, 1997, following the denial of Defendant’s motion for new trial and post-judgment motion for acquittal, the State filed a multiple offender bill. That bill was subsequently dismissed by the State in exchange for the trial court’s agreement to impose a sentence of 20 years on Defendant. On July 8, 1997, the trial court sentenced Defendant to 20 years at hard labor. This appeal followed.

DISCUSSION

Assignment of error number 3: Sufficiency of evidence

In State v. Hearold, 603 So.2d 731 (La.1992), the supreme court held that, when issues of both sufficiency of the evidence and trial errors are raised on appeal, the reviewing court should first determine the sufficiency of the evidence. See also State v. Adams, 30,815 (La.App.2d Cir.6/24/98), 715 So.2d 118, writ denied, 98-2031 (La.3/19/99), 739 So.2d 774. When the sufficiency of evidence is raised on appeal, the critical inquiry is *1089 whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984); State v. Morris, 521 So.2d 1214 (La.App. 2d Cir.1988), writ denied, 530 So.2d 80 (La.1988).
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-evidence evaluation under Jackson v. Virginia, supra. The Jackson standard, however, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. State v. Robertson, 96-1048 (La.10/04/96), 680 So.2d 1165. The appellate court does not assess credibility or re-weigh evidence. La. Const, art. 5, § 10; State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442; State v. Williams, 448 So.2d 753 (La.App. 2d Cir. 1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient to support the requisite factual finding. State v. Gradick, 29,231 (La.App.2d Cir.1/22/97), 687 So.2d 1071; State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992).
La. R.S. 40:967(A)(1) defines distribution of a controlled dangerous substance as follows:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II.
Defendant argues that a finding that he was guilty of distribution of cocaine necessarily required that the State prove that Defendant was the individual who actually sold the crack cocaine to the undercover officer. Defendant argues that the description given by Officer Scott, that the suspect was a black male in a white shirt, white hat and blue jeans, was general and vague and that Officer Scott failed to give the arrest team any type of physical description of Defendant, including height, weight, physical markings, scars, eye color, etc. Additionally, Defendant j ^argues that the photograph taken of him by the officers at the time of his arrest does not include a white hat.
As noted above, absent internal contradiction or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Braswell, supra. The testimony of a single undercover police officer is sufficient to convict a defendant charged with drug distribution. State v. Daniels, 607 So.2d 620 (La.App. 2d Cir.1992); State v. Conway, 588 So.2d 1369 (La.App. 2d Cir.1991), writ denied, 610 So.2d 797 (La.1993); State v. Williams, 554 So.2d 141 (La.App. 2d Cir.1989), writ denied, 560 So.2d 21 (La.1990); State v. Christy, 509 So.2d 829 (La.App. 1st Cir.1987), writ denied, 513 So.2d 296 (La.1987); State v. Wright, 564 So.2d 1269 (La.App. 4th Cir.1989).
Officer Scott testified that it was daytime and clear when he approached Defendant. He got two opportunities to look at Defendant and he was able to identify Defendant within minutes of his arrest by the arrest team. Officer Scott also made an in-court identification.
Agent Recchia testified that Defendant was wearing a white hat when the arrest team initially encountered him; however, the hat was knocked off of Defendant’s *1090 head during the confrontation he had with the police in the store. Furthermore, Agent Wheeler saw a ten-dollar bill fall from Defendant’s person during" Agent Recchia’s search of him. This money was recovered and compared to the “buy money.” It matched the serial numbers of one of the ten-dollar bills that the police had photocopied and was the exact denomination that Officer Scott testified that he paid to Defendant for the crack.
While Defendant argued in opening and closing statements that there could have been others dressed similarly in the area and that the clothing description was too vague, the jury clearly chose to believe the facts provided by Officer Scott and |7Agents Recchia and Wheeler, rather than Defendant’s hypothesis of mistaken identity. Again, one witness’ testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. State v. Braswell, supra; State v. Gradick, supra. This assignment is without merit.

Assignments of error numbers 1, 2 and 4: Excessive sentence; noncompliance with La.C.Cr.P. art. 894.1 and failure to order PSI

Defendant urges that his sentence is excessive and that the trial court failed to follow La.C.Cr.P. art. 894.1 guidelines during his sentencing. Since, however, Defendant failed to file a motion to reconsider sentence, under La.C.Cr.P. art. 881.1, our review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Defendant’s assignment concerning the trial court’s compliance with article 894.1 is, therefore, not properly before the court.
Constitutional review of a sentence depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonan-no, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. Additionally, a plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
| jjOur review of the record reveals sufficient factual basis to support the sentence imposed. As previously stated, the State had filed a multiple offender bill against Defendant which would have exposed him to life imprisonment if billed a fourth-felony offender, and in excess of 20 years if billed a third-felony offender. The trial court pointed out to Defendant that just the charged offense alone carries a sentencing range of 5 to 30 years. Clearly, Defendant received substantial benefit from the agreement between the State. With the history of his drug-related activity and the tremendous benefit Defendant received through the plea bargain, we cannot say the sentence of 20 years shocks our sense of justice.
. Finally, Defendant argues that the trial court erred in not ordering a pre-sentence investigation prior to sentencing. La. C.Cr.P. art. 875(A)(1) provides that the trial court may order a pre-sentence investigation. Ordering a PSI is, therefore, discretionary with the trial court. See State v. Wimberly, 414 So.2d 666 (La.1982). This assignment is without merit.

CONCLUSION

For the reasons stated herein, Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. "Buy money” is money that is photocopied by the SPD so that if it is recovered from the seller, it can be identified by its serial number.