I .WILLIAMS, Judge.
The defendant, Willie .Ignot, was charged by bill of information with three counts of distribution of cocaine, a violation of LSA-R.S. 40:967(A). After a jury trial, the defendant was found guilty as charged. The trial court sentenced the defendant to serve 20 years imprisonment at hard labor on each count, with the sentences to be served concurrently. The court denied defendant’s motion to reconsider sentence. The defendant appeals his sentence as excessive.[1] We affirm.
FACTS
In May and June of 1997, the Franklin Parish Sheriffs Office conducted an undercover drug operation in Franklin Parish. Deputy Willie Joe Turner, III, an investigator for the Madison Parish Sheriffs Office, participated as a purchaser in the undercover drug operation. The Franklin Parish Sheriffs Office provided Turner with money to use for the drug purchases. During the investigation, Deputy Turner used a van and was accompanied by Franklin Parish Sheriff Pylant and Deputy Sheriff Lester Thomas.
On May 17, 1997, Deputy Turner drove the van to the defendant’s residence, which was located in Franklin Parish. The defendant and Turner met outside and then entered the house. Deputy Turner paid $100 to defendant in return for six rocks of crack cocaine. Later that night, Turner signed the cocaine over to Franklin Parish Deputy Sheriff Larry Crum.
On June 7, 1997, Deputy Turner met with the defendant at a residence located on Hunter Street in Winnsboro, Louisiana, to make a second drug purchase. On this occasion, Turner used food stamps with a face value of $585.00, supplied by the State Department of Social Services, to make the drug purchase. [¿Deputy Turner exchanged the food stamps for twenty rocks of crack cocaine with an approximate street value of $400. On June 9, 1997, Turner returned to the Hunter Street residence to complete a third drug transaction. Turner used food stamps worth approximately $450 to purchase sixteen rocks of cocaine from the defendant.
Subsequently, the defendant was arrested and charged with three counts of distribution of cocaine. After a jury trial, defendant was found guilty as charged. The trial court imposed sentences of 20 years at hard labor for each conviction, to be served concurrently, and denied a motion to reconsider sentence. On appeal, defendant originally raised assignments of error asserting insufficiency of the evidence and the trial court’s non-compliance with LSA-C.Cr.P. art. 894.1. However, in light of the evidence in the record, defendant has abandoned these assignments.
DISCUSSION
The defendant contends the trial court erred in imposing an unconstitutionally excessive sentence. He argues that the sentencing objective could have been achieved with the imposition of a lesser sentence.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportion *366 ate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a ^sentence as excessive. State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345. The sentencing range for the offense of cocaine distribution is imprisonment at hard labor for five to thirty years with a potential fine of $50,000. LSA-R.S. 40:967(B).
The trial court is not required to give particular weight to any single factor in sentencing a defendant. State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33. Ameliorative factors, such as eligibility for parole and diminution of sentence for good behavior, may be considered in evaluating excessiveness of a sentence. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
Prior to imposing sentence in this case, the trial judge reviewed a pre-sentence investigation report, which showed defendant’s five felony convictions, four prior misdemeanor convictions, and his pending charges for distribution of cocaine, unauthorized use of food stamps and felony theft. The trial court considered the defendant’s background, including the fact that he is 71 years old and has health problems. Contrary to the defendant’s contention that greater emphasis should have been placed on his age in imposing sentence, the trial court is not required to give any particular weight to a specific factor. The fact that defendant was 71 years old at the time of sentencing is not persuasive mitigation since his advanced age and health did not prevent him from committing the present offenses. In any event, the trial judge expressly noted the defendant’s age in imposing concurrent, rather than consecutive, sentences.
In addition, the trial court considered the circumstances of the case, including the fact that the three drug transactions involved the sale of 42 rocks of crack cocaine for the total price of over $1,000 in cash and food stamps. In an attempt to support his argument that the sentences are excessive, defendant cites several drug offense cases. However, the factual situation in each of those cases Lean be distinguished from that of the present case when considering either the defendant’s criminal history or the quantity of cocaine sold. Defendant’s argument lacks merit.
After weighing the foregoing factors, the trial court imposed three concurrent sentences of 20 years imprisonment at hard labor. The sentence imposed is two-thirds of the statutory maximum sentence allowed for the offense of conviction. The record shows that the sentence, although severe, is neither grossly disproportionate to the seriousness of the offense nor a shock to our sense of justice.
Consequently, we cannot say that the sentence is unconstitutionally excessive. Therefore, we conclude that the trial court did not abuse its discretion in sentencing this defendant. The assignment of error lacks merit.

Error Patent

Our review of the record for error patent discloses that the sentence is illegally lenient. The trial court failed to order that the first five years of each 20-year hard labor sentence be served without the benefit of parole, probation or suspension of sentence, as required by LSA-R.S. 40:967(B)(4)(b). Because the state failed to appeal the sentence, this court may neither correct the error nor remand the matter for resentencing. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir.8/17/94), 642 So.2d 679. No other error patent was found.
*367 The defendant’s convictions and sentences are affirmed.
AFFIRMED.

. Although defendant originally asserted an assignment of error alleging insufficiency of the evidence, defendant did not argue this issue in his brief and concedes that there is sufficient evidence to support the conviction. Assignments of error which are neither briefed nor argued are considered abandoned. URCA 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990).