DREW, J.
|, Dudley Lewis seeks review of his concurrent sentences for aggravated incest (La. R.S. 14:78.1) and attempted manslaughter (La. R.S. 14:31 and 27). The trial court imposed sentences of 19 years at hard labor on each conviction and denied a motion for reconsideration of sentences. We affirm.
Between January 1998 and June 2001, the defendant committed “lewd or lascivious acts” upon his wife’s niece,[1] who was born in 1989, with the intent to arouse sexual desires.
Between November 2003 and December 2003, the defendant spoke with another individual about forming plans to kill his wife by giving her an overdose of pills. The defendant was arrested after retrieving the pills to be used in the murder from a predetermined location.
The defendant was initially charged with oral sexual battery, aggravated incest, attempted second degree murder, and conspiracy to commit second degree murder.
On September 20, 2004, the defendant pled guilty to aggravated incest and the responsive charge of attempted manslaughter. The oral sexual battery and conspiracy charges were dismissed according to the terms of the plea agreement. The defendant was sentenced to 19 years at hard labor on each count, to be served concurrently.
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim ofLconstitutional excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123. A sentence violates La. Const, art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987). A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, 2004-0597 (La.9/24/04), 882 So.2d 1165.
*682 A -person convicted of aggravated incest shall be fined an amount not |ato exceed $50,000, or imprisoned, with or without hard labor, for a term not less than 5 years nor more than 20 years, or both. La. R.S. 14:78.1(D). Whoever commits attempted manslaughter shall be imprisoned at hard labor for not more than 20 years. La. R.S. 14:27; La. R.S. 14:31(B).
In his first assigned error, the defendant argues that the trial court erred in denying him a pre-sentencing evidentiary hearing to consider mitigating evidence. Pre-sentencing hearings are not required by our Code of Criminal Procedure, and due process does not necessarily require a full scale evidentiary hearing. Here, the defendant has not alleged that any prejudicial information considered at the sentencing hearing was false. A review of the record shows no attempts by the defendant to introduce mitigating evidence. The defendant did not request an eviden-tiary hearing until after the sentences had been imposed. • Therefore, he failed to timely request such a hearing, and the trial court did not err in refusing the request. See State v. Telsee, 388 So.2d 747 (La.1980).
The defendant was sentenced to 19 years at hard labor for each count, to be served concurrently. Prior to imposing sentence, the district court considered a PSI report and reviewed the terms of the plea bargain. After the trial court announced the sentences, defense counsel objected that the sentences were excessive. Those objections were overruled and noted for the record. The defendant filed a motion to reconsider sentence which argued only excessiveness of sentence.
The defendant greatly benefitted from the plea bargain, which reduced the charge of attempted second degree murder to attempted | ¿manslaughter, thereby reducing the sentencing range from 10 to 50 years at hard labor without benefits to the more lenient range of not more 20 years at hard labor, with benefits.[2] The plea agreement also stipulated that the two sentences for attempted manslaughter and aggravated incest run concurrently and that the other charges be dismissed.
The trial court noted that the defendant’s sexual relations with his wife’s niece was not “an isolated incident” and that the defendant had likely been conducting an ongoing sexual relationship with the child. The trial court stated that the police had evidence of conversations the defendant had with the child in which he made reference to past sexual experiences as well as plans to continue the acts. The trial court also discussed the fact that the police had received information that the defendant had planned his wife’s murder in detail and retrieved pills from a prearranged location in furtherance of the plot.
On this record, we do not find constitutional error. The sentences are lawful and are neither grossly disproportionate to the severity of the offense of conviction nor shocking to our sense of justice. The defendant greatly benefitted from the plea agreement. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence.[3]
The sentences are AFFIRMED.

. Kinship by affinity is sufficient for the crime of aggravated incest (La.R.S.14:78.1). This contrasts with a prosecution for the crime of incest (La. R.S. 14:78), which requires proof of blood kinship (relationship by consanguinity)-

. The sentence for aggravated incest is also with benefits.

. The trial court failed to state aggravating and mitigating factors as required by La. C. Cr. P. art. 894.1. Given the seriousness of the *683 offenses, the benefits of the plea agreement, and the failure of the defendant to allege more than a constitutionally excessive sentence, we choose not to remand for re-sentencing; however, we stress to the learned trial court the importance of articulating determinative factors considered at sentencing, as this facilitates fair and complete reviews of sentences.