578 So.2d 256 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Dennis VENTRESS, Defendant-Appellant.
No. CR90-286.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
*257 Elbert L. Guillory, Opelousas, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and DOUCET and LABORDE, JJ.
LABORDE, Judge.
Defendant, Dennis Ventress, was found guilty by a jury of twelve on June 23, 1989, of distribution of cocaine, in violation of La.R.S. 40:967(A)(1). On September 15, 1989, the trial court sentenced defendant to serve ten years imprisonment at hard labor, five years of which must be served without benefit of probation, parole or suspension of sentence. Defendant appeals this conviction based on three assignments of error. We affirm the conviction and amend the sentence by deleting therefrom the portion of the sentence disallowing probation, parole or suspension of sentence for five years. The sentence as amended is affirmed.

FACTS
Officer Dwayne Arceneaux was part of the St. Landry Parish Drug Task Force investigation of curb-side street dealers in "the Hill" area of Opelousas. On September 20, 1988, at about 5:45 p.m., he approached a man later identified as Moses Williams outside a local pool hall and they eventually negotiated a sale of one gram of cocaine. Officer Arceneaux testified that Williams did not want to be involved in the actual physical transfer of drugs to him as he suspected that Arceneaux was related to a local deputy. Williams told Arceneaux that he would place the cocaine on the *258 ground and leave. Arceneaux could then inspect the cocaine and leave $100.00 on the ground if satisfied. However, Williams then changed his mind and told Arceneaux that he no longer wished to deal that way. He instructed Arceneaux to wait and he went inside the nearby pool hall. In a minute or two he returned with defendant, Dennis Ventress. According to Officer Arceneaux, Williams then handed defendant a clear plastic bag containing a white powder and the defendant placed the bag on a nearby phone booth. Arceneaux testified that after inspecting the powder, he handed $100.00 to the defendant. At trial, defendant stipulated to the accuracy of the report which reflected that the white powder sold to Officer Arceneaux was in fact cocaine.
The members of the surveillance team from the Drug Task Force assigned as back up were not able to view the transaction. However, defendant testified as to the events surrounding the transaction. His testimony differed substantially from that of Officer Arceneaux's. Defendant testified that Williams walked up to him in the pool hall and told him that there was a telephone call for him from the outside booth. Once they got to the booth, Williams asked defendant "to do something" and he gave to defendant the packet of cocaine. Defendant further testified that he categorically refused to become involved in the transaction and slammed the packet on the phone booth. He also stated that he never received $100.00. Defendant was subsequently arrested and charged with distribution of cocaine.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends that the evidence was not sufficient to support his conviction.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981). It is the role of the fact finder to weigh the credibility of witnesses, and therefore, the appellate court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Matthews, 450 So.2d 644 (La.1984).
In order for the State to obtain a conviction, it must prove the essential elements of the charged offense, distribution of cocaine, beyond a reasonable doubt. La.R.S. 40:967(A) reads, in pertinent part, as follows:
A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
La.R.S. 40:964 A(4) classifies cocaine as a Schedule II controlled dangerous substance. In the instant case, the State produced enough evidence to convict the defendant for distribution of cocaine. Officer Arceneaux testified about the under cover operation that led to defendant's arrest. He identified the defendant as the man who placed the cocaine on the phone booth and who in return received the $100.00. Officer Arceneaux's testimony was not consistent with defendant's testimony that he and Williams argued and that the defendant slammed the cocaine down on the phone booth and never received any money. The jury observed all witnesses testify and obviously believed the testimony of Officer Arceneaux as against defendant's version of events. Clearly the jury's credibility determination in this matter is within its sound discretion.
We determine that when the evidence in the instant case is considered in the light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that defendant *259 sold cocaine to Officer Arceneaux, thus satisfying the elements of distribution.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial court erred by sentencing him to an excessive sentence which constitutes cruel and unusual punishment.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits by law the imposition of excessive punishment. A sentence imposed which is within the statutory limits, may yet be violative of a defendant's rights against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La. 1979). Nevertheless, the trial judge is given wide discretion in imposing sentences within the statutory limits and his decision should not be set aside or upset on appeal absent manifest abuse of that discretion. State v. Davis, 449 So.2d 452 (La.1984). In order to constitute an excessive sentence, the penalty imposed must be so grossly disproportionate to the crime committed in light of the harm caused to society so as to shock the court's sense of justice. State v. Cann, 471 So.2d 701 (La.1985).
The statutory criteria of La.C.CR.P. art. 894.1 provide guidelines by which a reviewing court can measure whether a sentence within statutory limits is nevertheless excessive. Sepulvado, supra; State v. Cox, 369 So.2d 118 (La.1979). La.C.Cr.P. art. 894.1 mandates that the sentencing judge state for the record the considerations taken into account and the factual basis for his conclusions in imposing sentence in order to assure that each sentence is individualized to both the offender and the offense. State v. Trahan, 412 So.2d 1294 (La.1982). The record must reflect that adequate consideration was given to those codal guidelines in particularizing the defendant's sentence. However, the sentencing judge need not articulate every aggravating and mitigating circumstance outlined in the statute. State v. Smith, 433 So.2d 688 (La.1983).
In the instant case, defendant was found guilty of distribution of cocaine. The penalty for this crime is imprisonment at hard labor for not less than five years nor more than thirty years and, in addition, a possible fine of not more than fifteen thousand dollars. La.R.S. 40:967(B)(1). Thus, considering the penalty that the defendant could have received, the trial judge acted well within his discretion by imposing a sentence on defendant totalling ten years.[1]
Furthermore, the record in the instant case reveals that the sentencing judge adequately considered sentencing guidelines under La.C.Cr.P. art. 894.1. The sentencing judge noted that defendant's arrest arose out of an investigation into curbside street dealers in "the Hill" area of Opelousas. He concluded that the defendant and Williams were trying to arrange a transaction which would "beat" a distribution of cocaine conviction. He did not feel that defendant was an innocent bystander. The sentencing judge noted defendant's age (47) and the fact that he was a firsttime felony offender, but felt that due to the serious nature of the offense he should impose an extended period of incarceration on defendant.
We find that the sentencing judge adequately articulated, according to the requirements of article 894.1, the basis of the sentence he imposed on defendant. Moreover, the record clearly supports the sentencing judge's reasons for imposing the sentence. Weighed against the possible mitigating factors in defendant's background (i.e. his apparently stable employment record and marital history) is the fact of his arrest for distribution of cocaine subsequent to this crime. Defendant was also arrested in 1984 for receiving stolen things but this charge was dismissed. A sentence will not be set aside as excessive absent manifest abuse of the trial judge's sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979). This sentence is not so disproportionate given the facts surrounding defendant's crime so as to shock our sense of justice, nor so excessive, given the court's wide discretion, that it can be considered an abuse of that discretion.

*260 ASSIGNMENT OF ERROR NO. 3
By this assignment of error, the defendant contends that his sentence is illegal. We agree.
The penalty provision for distribution of cocaine authorizes a term of imprisonment at hard labor for not less than five nor more than thirty years. La.R.S. 40:967 B(1). The provision does not specify that a period of this imprisonment shall be without benefit of probation, parole or suspension of sentence. Disallowing probation, parole or suspension of sentence when the pertinent statute does not authorize such constitutes an illegal sentence. State v. Sullivan, 359 So.2d 186 (La.1978).
This court is authorized to correct an illegal sentence pursuant to La.C.Cr.P. art. 882, when such does not involve the exercise of sentencing discretion. State v. Fraser, 484 So.2d 122 (La.1986). Accordingly, we will correct the sentence by deleting therefrom the portion disallowing probation, parole or suspension of sentence for five years.
For the foregoing reasons, the conviction of defendant, Dennis Ventress, is affirmed and the sentence is amended to set aside that portion of the sentence disallowing probation, parole or suspension of sentence for five years. The sentence as amended is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.
NOTES
[1] We will address that portion of sentence disallowing probation, parole or suspension of sentence for five years in Assignment of Error No. 3.