678 So.2d 72 (1996)
STATE of Louisiana
v.
Courtney L. COSSEE.
No. 95-KA-2218.
Court of Appeal of Louisiana, Fourth Circuit.
July 24, 1996.
Edward Newman, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
ARMSTRONG, Judge.
The defendant, Courtney Cossee, was charged by bill of information with aggravated battery, a violation of La.R.S. 14:34. The defendant entered a plea of not guilty and the trial court denied a motion to suppress the identification. Following a trial, a six-member jury found him guilty of second degree battery. The State filed a habitual offender bill of information and the defendant was adjudicated a third-felony offender and sentenced to serve ten years at hard labor, pursuant to La.R.S. 15:529.1.
The defendant was found guilty of second-degree battery for assaulting seventeen-year-old Latisha Johnson on September 25, 1994. The victim was five and one-half months pregnant when the defendant beat her with his fists, kicked her in the back, stomped on her stomach, scratched her, and finally cut her with a knife, after she refused his advances as they sat next to each other on a sofa in her friend's home. Complications resulting from her injuries caused the victim to give birth prematurely on October 4, 1994. The defendant also assaulted a police officer attempting to handcuff him, and escaped custody, only to be apprehended in the neighborhood a short time later.
In his sole assignment of error, the defendant argues that the trial court erred in finding the minute entry, plea of guilty form with waiver of rights, arrest register, and conviction with finger prints sufficient to support one of the prior convictions alleged in the habitual offender bill of information.
A threshold question is whether the defendant has preserved this issue for appellate review. Following the Louisiana Supreme Court decision in State v. Shelton, 621 So.2d 769 (La.1993), the Louisiana Legislature Gamended La.R.S. 15:529.1(D)(1)(b) to place the burden of challenging a predicate conviction in a multiple bill proceeding on the defendant. That subsection now provides, in pertinent part:

*73 Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack a sentence.
In the instant case, the defendant did not file a written response to the habitual offender bill of information complaining of any of the prior convictions. Accordingly, his argument that the State did not produce sufficient proof of the prior convictions was not preserved for appeal.
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.