728 So.2d 500 (1999)
STATE of Louisiana, Appellee,
v.
Odell MALONE, III, Appellant.
No. 31,726-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1999.
*501 Amy C. Ellender, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don Burkett, District Attorney, Clifford R. Strider, III, Assistant District Attorney, Counsel for Appellee.
Before HIGHTOWER, WILLIAMS and GASKINS, JJ.
PER CURIAM.
The defendant, Odell Malone III, entered a guilty plea to one count of possession of cocaine with intent to distribute. He was sentenced to serve fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals his sentence as excessive. We affirm the conviction, amend the sentence, and affirm the sentence as amended.

FACTS
On December 19, 1997, the Mansfield Police Department received information that a man, holding a baby, was selling crack cocaine in a parking lot on Johnson Street. Upon investigation, the defendant was observed at the scene, holding an infant wrapped in a blanket. When the blanket was removed, a plastic bag was found on the baby, containing 26 grams of a substance later determined through laboratory analysis to be crack cocaine.
The defendant was arrested and charged with one count of possession of cocaine with intent to distribute. It was also determined that the defendant had two prior felony convictions. A plea bargain agreement was reached whereby the defendant entered a plea of guilty to the charge of possession of cocaine with intent to distribute in exchange for the prosecution's agreement not to charge him under the habitual offender law. A presentence investigation (PSI) was conducted, and sentence was imposed on July 9, 1998. The defendant timely filed a motion to reconsider the sentence. The defendant now appeals his sentence as excessive.

EXCESSIVE SENTENCE
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982).
*502 The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La. App.2d Cir.4/2/97), 691 So.2d 345.
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587.
Defendant concedes in brief that the trial court sufficiently articulated a factual basis for the sentence imposed, but he argues that the court placed too little emphasis on mitigating factors and gave undue weight to the aggravating factor that defendant used an infant to conceal his cocaine.
Prior to imposing sentence, the district judge reviewed a PSI report. The 30-year-old defendant was a third felony offender with prior convictions for simple burglary and possession of a firearm by a convicted felon. His parole had been revoked in 1995 and 1996. He was ineligible for probation due to his third offender status. The court believed defendant received a "tremendous benefit" from his plea bargain. The court noted that defendant's criminal history dated back to 1986, including convictions for shoplifting, simple battery and resisting an officer, in addition to his felony convictions for simple burglary and possession of a firearm by a convicted felon. While on parole, the defendant went to Texas and was charged with residential burglary, disorderly conduct, assault and illegal possession of a pistol. The court noted that defendant had hidden his drugs on an infant, which the court believed was an aggravating factor under La. C.Cr.P. art. 894.1 B(16).[1] The court found that there was a need for custodial treatment, that a lesser sentence would deprecate the seriousness of the offense, and that there was insufficient mitigation to justify a lesser sentence.
On this record, we do not find constitutional error. There is no requirement that specific matters be given any particular weight. State v. Berry, 29,945 (La. App.2d Cir.10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied 97-0705 (La.9/26/97), 701 So.2d 979. The record shows that the PSI contains information on the matters the defense contends were given insufficient weight by the court. Further, it is well settled that the trial judge is not required to list every aggravating or mitigating circumstance so long as the record shows he adequately considered the guidelines of the article. We find no error in that regard.
As a third felony offender, defendant would have faced a sentencing exposure of up to 60 years at hard labor. The sentence imposed is a mere quarter of that and is at the middle of the range (five to thirty years) to which he was exposed as a direct consequence of his guilty plea.
Although the defense cited a number of cases in which lesser sentences were imposed, we note that the facts and circumstances of those cases were not the same as are present in this matter. Further, each decision was rendered prior to the 1997 amendment to La. R.S. 40:967, which increased *503 the penalties for distribution and related offenses.
Under the circumstances of this case, and giving due consideration to the defendant's background, the period of imprisonment adjudged is appropriate for this mature, healthy third felony offender who presents no special matters which would mandate the imposition of a lesser sentence. The sentence imposed does not shock our sense of justice and is not a needless or purposeless infliction of pain and suffering. Therefore, it is not constitutionally excessive. The assigned error lacks merit.

ERROR PATENT
Our error patent review under La. C.Cr.P. art. 920(2) discloses that the trial court's order requiring the entire fifteen year sentence in this case be served "without benefit" is not permissible. The statute under which defendant was sentenced, La. R.S. 40:967(B)(4)(b), provides for a sentence of "not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation or suspension of sentence...." The statute does not authorize a period of more than five years to be served without benefit of parole. Accordingly, under the authority granted by La.C.Cr.P. art. 882, we modify the sentence by setting aside that portion of the sentence which provides for a period in excess of five years to be served without benefit of parole. See and compare State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir. 1992); State v. Ventress, 578 So.2d 256 (La. App. 3d Cir.1991); State v. Wimberly, 95-1445 (La.App. 4th Cir. 7/24/96), 678 So.2d 577, writ denied 97-2255 (La.3/13/98), 712 So.2d 872.

CONCLUSION
For the reasons stated above, we affirm the conviction of the defendant, Odell Malone III, and we affirm his sentence to serve fifteen years at hard labor. We amend his sentence to provide that the first five years of the sentence are to be served without benefit of parole, probation, or suspension of sentence.
AFFIRMED AS AMENDED.
NOTES
[1] La.C.Cr.P. art. 894.1 B(16) provides:

B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(16) The offense was a controlled dangerous substance offense in which the offender involved juveniles in the trafficking or distribution of drugs.