11 JONES, Judge.
Questa Walker appeals his conviction and sentence for attempted possession of cocaine with the intent to distribute. The district court sentenced him as a second felony offender to serve fourteen years at hard labor. We affirm.

FACTS

Officer Paul Noel testified at trial that on September 23, 1998, at approximately 11:00 p.m., he and Officer Ronald Stevens were on patrol in the 7100 block of Pritch-ard Place. Then he saw Walker, who was riding a girl’s bicycle in a downtown direction, make a right turn into an open area where numerous complaints of narcotics activity had been made. Officer Noel testified that it was also a notorious area for dumping stolen automobiles. He further testified that he and Officer Stevens pulled into an alleyway and activated the spotlight to see what was going on when he saw Walker remove a gun from his waistband. Walker appeared to have *635 been startled by the spotlight. He put the gun in the trunk of a Ford and ran down Audubon Street with Officer Noel in pursuit of him on foot. Officer Stevens went to the car, retrieved the gun, and found a bag containing twenty-seven pieces of crack cocaine. ' Officer Noel caught Walker in a nearby yard at 2825 Audubon Street and placed him under arrest. The officer also | ¡>found a key in Walker’s pocket that fit the trunk lock of the Ford. Seventy-five dollars in cash was also found in Walker’s possession. As the officers took Walker to Central Lockup, Walker told the officers that they had planted the evidence and that he would testify that his cousin was with him.
Walker testified at trial that he was walking, not riding a bicycle, and that he was talking with a man named John who lived at 2825 Audubon. He further testified that he was in John’s yard smoking a cigarette while John was in the house getting him a beer when he saw a man in a red baseball jersey running out of the alley. Walker testified that he also saw a white man dressed in black and wearing a black beanie. This made him nervous because he believed when people wore black at night it meant a robbery or even a murder was about to take place. He testified that he was knocked down by Officer Noel, whom he later identified as the man in the beanie, who had jumped the fence and demanded to know why he had run away from him. Walker further testified that a squad ear came by a few seconds later and that the officers knocked on John’s door to get the gate open. John came out, opened the gate, and told the officer that Walker was just smoking a cigarette in his yard. Walker was then placed into the squad car and taken to the 7100 block of Pritchard Place. He testified that he saw Officer Noel go up to a blue car, look first into the trunk, and then around the outside of the car. Walker further testified that he saw Officer Noel pick up something off of the ground, then open the trunk of the car and remove a blue steel gun and a plastic bag from the trunk. Walker testified that people from the neighborhood and some of his relatives were at the scene questioning why he was in the squad car.
1 aWalker was charged with the possession of cocaine with the intent to distribute; however, the jury found him guilty of attempted[1] possession with the intent to distribute cocaine. This timely appeal follows.

ERRORS PATENT

A review of the record reveals an error patent with regard to Walker’s sentence. The sentence, as imposed, provides that all fourteen years are to be served without benefit of parole, probation, or suspension of sentence. However, La. R.S. 40:967(B)(4)(b) provides that only the first five years of the sentence are to be without benefit of parole, probation, or suspension of sentence. Because Walker was convicted of an attempt, the period to be served without benefits is one-half, or two and one-half years. La. R.S. 14:27. Also, La. R.S. 15:529.1(G) provides that the sentence is to be without benefit of probation or suspension of sentence and says nothing about parole. Therefore, because the substantive statute limits parole ineligibility to the first two and one-half years of the sentence, Walker’s sentence will be amended to set aside that portion of the sentence that provides for a period in excess of two and one-half years to be served without benefit of parole. See State v. Malone, 31,726 (La.App. 2 Cir. 1/20/99), *636 728 So.2d 500. There are no other errors patent.

ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Walker complains that the evidence is insufficient to support the verdict against him. He argues that the evidence fails to establish that he had the specific intent to commit the offense in that no one saw him place the bag of cocaine in the trunk of the car and no fingerprints linked him to the bag of cocaine.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Also, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact’s determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
When circumstantial evidence forms the basis for the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). Such evidence must also exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012. This is not a separate test from Jackson v. Virginia, but is instead an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Addison, 94-2431 (La.App. 4 Cir. 11/30/95), 665 So.2d 1224.
Defendant was convicted of attempted possession of cocaine with the intent to distribute. In State v. Page, 95-2401, p. 28 (LaApp. 4 Cir. 8/21/96), 680 So.2d 700, 717, writ denied 96-2352 (La.2/21/97), 688 So.2d 522, this Court stated:
To prove that a defendant attempted to possess a controlled dangerous drug, the State must prove that the defendant committed an act tending directly toward the accomplishment of his intent, i.e. possession of the drugs. State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). Moreover, the State need only establish constructive possession, rather than actual or attempted actual possession of cocaine, to support an attempted possession conviction. State v. Jackson, 557 So.2d 1034 (La.App. 4th Cir.1990). A person found in the area of the contraband can be considered in con *637 structive possession if the illegal substance is subject to his dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983). An intent to distribute can be inferred from the quantity found in the defendant’s possession. Trahan, supra.
Determining whether the defendant had constructive possession depends upon the circumstances of each case; and, among the factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are: whether the defendant knew that illegal drugs were present in the area; the defendant’s relationship to the person in actual possession of the drugs; whether there is evidence of recent drug use; the defendant’s proximity to the drugs; and, any evidence that the area is frequented by Ifidrug users. State v. Allen, 96-0138 (La.App. 4 Cir. 12/27/96), 686 So.2d 1017. However, the mere presence of the defendant in an area where drugs are found is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356 (La.App. 4 Cir.1991).
In State v. Allen, 96-0138 (La.App. 4 Cir. 12/27/96), 686 So.2d 1017, the police seized cocaine and heroin from the trunk of a car and from a black waist pouch located in the hallway of 3510 Desire Parkway. During surveillance of that address, the police observed the brother of the two defendants give the pouch to an unidentified man, who then went into the rear hall of 3510 Desire and returned without the pouch. The brother was also seen removing small objects from the trunk of the car which he gave to one of the defendants. One of the defendants was also seen several times going into the rear hallway, coming back, and exchanging a small object for either money or, on one occasion, a television set. The other defendant was seen going to the rear hallway and returning with small objects on other occasions which were then given to people in various vehicles while the brother accepted what appeared to be money from them. The defendants were charged with possession of cocaine and heroin with the intent to distribute, but they were convicted of simple possession of those drugs. This court affirmed their convictions, finding sufficient evidence that they exercised dominion and control over the drugs found in the trunk of the car and in the pouch in the hallway.
The evidence presented by the State was sufficient to prove that Walker attempted to possess cocaine that was found in the trunk of the car. The key to the car’s trunk was found in his pocket after he was seen by the police officers placing a gun into the trunk. This is evidence that he exercised dominion and control over the contraband. This assignment of error is without merit.

¡ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, Walker complains that the district court erred in finding him to be a second offender because the multiple offender adjudication was based on erroneous information. He points to the fact that his prior conviction was for distribution of cocaine and not for distribution of cocaine within 1000 feet of a school as asserted by the State at the multiple bill hearing.
A review of the multiple bill of information indicates that Walker was charged with being a second offender who had been charged with distribution of cocaine within 1000 feet of a school and found guilty of distribution of cocaine in Case No. 385-987. At the multiple bill hearing, Officer Raymond Loosemore testified that he compared Walker’s fingerprints taken the morning of the hearing with those from *638 documents in Case No. 385-987 and concluded that Walker was the same person convicted in that case. The district court found that the State had'proven the allegations of the multiple bill in that Walker was the same person convicted in Case No. 385-987 of distribution of cocaine within 1000 feet of a school. Defense counsel simply noted an objection to the ruling of the court. Walker had also filed a Motion to Quash the multiple bill on the following grounds: the State failed to prove that he was previously convicted of any crime; the State failed to prove that he was properly Boykinized in Case. No. 385-987; and the State failed to comply with the provisions of La. R.S. 15:529.1. The district court denied the Motion to Quash. There was no specific objection to the mischaracteri-zation of the prior offense by the district judge at the multiple bill hearing.
Because there was no specific objection to the mischaracterization of the prior offense, Walker is precluded from raising this particular, issue as a basis for | ¿vacating the multiple offender adjudication. See State v. Cossee, 95-2218 (La.App. 4 Cir. 7/24/96), 678 So.2d 72. However, assuming that the general objection to the multiple offender adjudication was sufficient to have preserved this issue for appellate review, there is still no basis for vacating the multiple offender adjudication and remanding the case for a néw multiple bill hearing. The district judge simply misspoke when he referred to the offense with which Walker had originally been charged and not the responsive verdict returned by the jury in Case No. 385-987. Walker’s 1997 conviction for distribution of cocaine, as opposed to distribution of cocaine within 1000 feet of a school, was a felony; and, he does not otherwise attack the merits of the multiple offender adjudication. The multiple bill itself correctly informed Walker that the habitual offender proceedings were based on a prior conviction for distribution of cocaine; thus, he was not deprived of notice. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3

In his third assignment of error, Walker complains that the district court erred in relying upon erroneous information in imposing the sentence, namely the mistake regarding his prior conviction. He also argues that his sentence should have taken into account his employment history and the fact that he has a child to support.
In sentencing Walker, the district judge was informed of other arrests, and he reiterated the facts of the offense. The district judge also stated that he had considered the guidelines of La.C.Cr.P. art. 894.1 and found that there was an undue risk that during the period of a suspended sentence or probation that Walker would commit another offense. The judge further stated that Walker was in need of correctional treatment and that a lesser sentence would deprecate the seriousness |9of the crime. The judge noted that Walker had been given probation for selling cocaine within 1000 feet of a school. We also note that the prosecutor also stated that Walker had been arrested for distribution of cocaine “within a school.”
It is discretionary with the district court that a presentence investigation (PSI) be ordered prior to sentencing, and there is no mandate that a PSI be ordered. La.C.Cr.P. art. 875; State v. Hayden, 98-2768 (La.App. 4 Cir. 5/17/00), 767 So.2d 732. A PSI is an aid to the trial court and is not a right of the defendant. Id. The trial court’s failure to order a PSI will not be reversed absent an abuse of discretion. Id.
The district court did not abuse its discretion in not ordering a PSI prior to sentencing Walker. First of all, we note that there was no request by Walker that *639 a PSI be ordered prior to sentencing; and there was no objection on this ground at the sentencing hearing. Walker did not raise the issue until he filed a Motion for Reconsideration of Sentence in which he asked the district court to reconsider his sentence because it had been imposed without consideration of mitigating factors, which would have been more fully revealed had a PSI been ordered.
Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion with the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992); State v. Telsee, 425 So.2d 1251 (La.1983). The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). The reviewing court shall not set aside a sentence for | inexeessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D).
Generally, the reviewing court must determine whether the trial judge adequately complied with the guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982). If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case. State v. Egana, 97-0318 (La.App. 4 Cir. 12/3/97), 703 So.2d 223. The articulation of the factual basis for the sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions; and, where the record clearly shows an adequate factual basis for the sentence, resentencing is unnecessary even where there has not been full compliance with Article 894.1.
The district judge’s mischaracterization of the offense is no basis for vacating the sentence imposed. The prior offense was not the sole basis for the imposition of the fourteen year sentence, which was less than one-half the maximum sentence. The district judge enumerated other factors under Article 894.1 and the facts of the possession with intent to distribute conviction when he imposed the sentence. Thus, the district court did not abuse its discretion in imposing the sentence. This assignment of error is without merit.
In DECREE
For the foregoing reasons, the conviction of Questa Walker is affirmed; however, his sentence is amended to limit parole ineligibility to the first two and one-half years of the sentence and his sentence is affirmed as amended.

CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.

. In the same bill of information, he was also charged with possession of a firearm by a convicted felon. The trial court granted the State's motion to sever the charges.