TERRI F. LOVE, J.
 

 |!Emanuel Randall appeals his adjudication as a triple offender and sentence of five years imprisonment imposed under
 
 *801
 
 La. R..S. 15:529.1. We find that the appellant’s assignments of error lack merit and affirm the multiple offender adjudication. We further find that due to an error patent, the sentence must be amended, and as amended, affirmed.
 

 PROCEDURAL HISTORY
 

 On May 2006, the State filed a bill of information in case number 465-121, charging the appellant with possession of crack. The appellant entered a not guilty plea in July 2006, and in April 2007, the district court found probable cause and denied the motion to suppress the evidence. The State entered a
 
 nolle prosequi
 
 on May 2007, and the State reinstituted the case a month later under case number 471-113, which is the instant matter. In July 2007, a six — member jury found appellant guilty of attempted possession of cocaine.
 

 At the sentencing hearing, the State filed a multiple bill, charging the appellant as a fourth felony offender; the appellant entered a not guilty plea to the multiple bill, and a hearing was scheduled. After denying the motions for new trial and for post-verdict judgment of acquittal, the district court sentenced appellant to |2serve two and one-half years at hard labor to run concurrently. A motion was made to reconsider sentence, which was denied. A motion for appeal was granted; this Court later affirmed the appellant’s conviction and original sentence in an unpublished opinion.
 
 State v. Randall,
 
 unpub., 08-0289 (La.App. 4 Cir. 8/13/08).
 

 In January 2008 the appellant appeared for a multiple bill hearing. The State amended the bill to charge the appellant as a third offender instead of a fourth offender. However, the hearing did not proceed because the appellant moved for his appointed counsel to be removed, which request the court granted. The trial court set the matter for a determination of counsel. In February 2008, the Department of Corrections notified the trial court that the appellant had been released.
 

 Over the next year, the proceedings were continued multiple times for various reasons, including the necessity of determining who would represent the appellant and an inability to locate and serve the appellant. In January 2009, the appellant’s new appointed counsel filed a motion to quash with supporting memorandum, asserting two grounds to quash the bill, and a “Second Motion for Discovery” seeking copies of all the certified convictions that the State intended to introduce at the multiple bill hearing.
 

 The multiple bill hearing was eventually conducted in March 2009. After the trial court heard argument in connection with the motion to quash, the court denied the motion. After hearing testimony and viewing the State’s exhibits, the court found the appellant to be a third offender. The court vacated the appellant’s original sentence and resentenced him to serve the maximum sentence of five years imprisonment without the benefit of probation, parole, or suspension of sentence, with credit for time served, to run consecutively to any other sentence.
 

 13 After the appellant’s adjudication and sentencing as a multiple offender, no oral or written motion to appeal was filed. Instead, the appellant filed a
 
 pro se
 
 writ application seeking review of the denial of his motion to quash the multiple bill. The writ was denied in a
 
 per curiam
 
 in which this Court noted that the appellant should seek an out of time appeal in the trial court.
 
 State v. Randall,
 
 09-0651 (La.App. 4 Cir. 7/16/09). Through counsel, the appellant filed a motion for an out of time appeal, which the trial court granted. This appeal follows.
 

 
 *802
 
 The facts established at the appellant’s trial are not relevant to this appeal, which is from a sentencing proceeding only. A complete recitation can be found in this Court’s original appeal opinion at
 
 State v. Randall,
 
 unpub., 08-0289, p. 2 (La.App. 4 Cir. 8/13/08).
 

 ERRORS PATENT
 

 The record reveals one error patent relative to the multiple offender sentence. The March 13, 2009 minute entry on the appellant’s sentencing reflects that the trial court imposed the sentence without benefit of probation or suspension of sentence. The March 13, 2009 transcript of the multiple offender sentencing also shows that the trial court imposed the sentence without the benefit of probation or suspension of sentence. However, in July 2009, the court directed that the March 13, 2009 minute entry and the commitment order be “corrected” to reflect that the sentence is without the benefit of probation, parole, or suspension of sentence. Where there is a conflict between the transcript and the minute entry, the transcript controls.
 
 State v. Rideau,
 
 05-0462, p. 34 (La.App. 4 Cir. 12/6/06), 947 So.2d 127, 147;
 
 State v. Kirkling,
 
 04-1906, pp. 9-10 (La.App. 4 Cir. 5/18/05), 904 So.2d 786, 792. Further, La. R.S. 40:967 C(2), which provides the sentence for possession of cocaine, states that “[a]ny person who violates this Subsection as ] 4to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.” The attempt statute, La. R.S. 14:27 D(3), does not alter how the sentence is to be served in that respect. Also, while the multiple offender sentence imposed under La. R.S. 15:529.1 must be served without the benefit of probation or suspension of sentence, the statute does not provide that the sentence be served without the benefit of parole. La. R.S. 15:529.1(G). Therefore, we find that the record must be corrected to delete the prohibition on parole from the appellant’s sentence.
 

 We do not find that any other errors patent relative to the multiple offender adjudication or sentence have been noted.
 
 [1]
 
 A discussion of errors patent found upon a review of the record in connection with the original appeal can be found in
 
 Randall,
 
 08-0289, pp. 3-4.
 

 MOTION TO SUPPLEMENT
 

 The appellant
 
 [2]
 
 raised a single assignment of error in the original brief filed in this matter. Through his counsel, he argued that his right to a full review of his multiple offender adjudication would be denied if the Exhibits S-l through S-5, introduced at the hearing, were not made a part of the appellate record. The appellant noted that, prior to briefing, his counsel moved to have the exhibits made a supplement to the record, but that motion was denied in an order signed by a | .judge of this Court. The appellant conceded that, pursuant to La. Const, of 1974 Art. V,
 
 *803
 
 § 2, a single judge of a court of appeal has the authority to issue an order in aid of its jurisdiction, but the exercise of that authority is subject to review by the entire court. Further, the appellant argued that the order denying his request should be reviewed and reversed by the three-judge panel assigned to hear this appeal, and that the failure to do so would deny him his right to an appeal.
 

 Exhibit S-l is part of the appellate record. According to the testimony of Officer Joseph Pollard, who was stipulated to be an expert in the taking, examination, and comparison of fingerprints, Exhibit S-l is an inked fingerprint card on which Officer Pollard placed the appellant’s fingerprints on the day of the hearing. At lodging, the record did not contain the other exhibits however, which suggests that they may have been misplaced before they could physically be placed in the trial court record. This Court has received written confirmation from the Property and Evidence Room of the Orleans Parish Criminal District Clerk’s Office that no exhibits from the multiple offender hearing were submitted to the Property and Evidence Room. Thus, Exhibits S-2 through S-5 could not be located to be made a part of the record. Therefore, even if the motion to supplement had been granted at the time it was filed, the exhibits would not have been available to be made a part of the record for review by appellate counsel.
 

 The remaining issue raised in the appellant’s original brief was whether the omission of the exhibits from the record denied him the right to an appeal of the multiple offender adjudication. However, that issue has now become moot and will not be addressed because copies of the exhibits were discovered by the appellant’s counsel when she reviewed a second appeal, lodged in this Court as | R2010-KA-1027, after the appellant’s original brief was filed.
 
 [3]
 
 Because copies of the exhibits were available for review, the appellant through counsel moved for and was granted the right to file a supplemental brief raising two supplemental assignments of error.
 

 PROOF OF DISCHARGE DATES
 

 In the first supplemental assignment of error the appellant contends that the State failed to prove the discharge date for his last conviction and thus failed to prove that the “cleansing period” had not expired prior to the commission of his current offense. The appellant further contends that this issue was preserved for review when his counsel objected at the conclusion of the State’s case, although he concedes that his counsel failed to object specifically to the lack of proof of the discharge dates.
 

 In
 
 State v. Cossee,
 
 95-2218 (La.App. 4 Cir. 7/24/96), 678 So.2d 72, this Court discussed the procedural requirements for objecting to the sufficiency of State’s evidence regarding a defendant’s prior convictions as follows:
 

 Following the Louisiana Supreme Court decision in
 
 State v. Shelton,
 
 621 So.2d 769 (La.1993), the Louisiana Legislature amended La. R.S. 15:529.1(D)(l)(b) to place the burden of challenging a predicate conviction in a multiple bill proceeding on the defendant. That subsection now provides, in pertinent part:
 

 Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of
 
 *804
 
 fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the 17prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack a sentence.
 

 Cossee,
 
 95-2218, p. 2, 678 So.2d at 72-73 [Emphasis added.]
 

 In the instant case, the record contains a “form” motion to quash the multiple bill filed by the appellant’s original attorney in 2007. This motion to quash the multiple bill set out three grounds: (1) The State has failed to prove that the defendant was previously convicted of any crimes; (2) The State has failed to prove that the defendant was properly
 
 Boykinized
 
 in his prior eonviction(s); and (3) The State has failed to comply with the provisions of La. R.S. 15:529.1. The record also contains a lengthy memorandum in support of a motion to quash; this memorandum was filed in 2009, by the appellant’s second appointed counsel. In the memorandum, two different grounds were asserted and argued: (1) The State has failed to provide counsel with any formally charged prior convictions or any proof of a date of discharge; and (2) The lapse in time since the filing of the multiple bill violates the defendant’s right to a speedy trial. At the same time that counsel filed the memorandum in support of the motion to quash, he filed a pleading entitled “Defense Second Motion for Discovery” in which he requested that he be provided with “All Certification of Convictions’ which the State intends to use in relation to Mr. Randall’s Multiple-Bill Hearing on January 13, 2009.”
 

 According to comments made by the prosecutor at the multiple bill hearing, a few months before the hearing, the State provided the defense counsel with |scopies of the certified convictions that it intended to use to prove the appellant’s status as a third offender. Defense counsel informed the court that he was prepared to go forward with the multiple bill in this case, but not in the defendant’s later case. Counsel informed the court that it could not proceed on the second case because he believed it alleged predicate convictions for which he had not yet received discovery, implying that he had received discovery for the instant case as the State indicated. Counsel did not supplement the motion to quash with any written objections detailing a defect in any of the predicate convictions.
 

 As to objections made orally at the hearing, the transcript of the multiple bill proceeding reflects that at the beginning of the hearing, defense counsel argued the second issue raised in the memorandum in support of the motion to quash, that the State should be precluded from proceeding with the hearing because of the time lapse between the filing of the bill and the hearing. Defense counsel noted that the appellant had been released from the Department of Corrections; however, defense counsel conceded that the appellant was still on parole. The trial court rejected the defense argument, finding that the de
 
 *805
 
 lays were in large part due to the appellant’s own actions, not to any failing on the part of the State. Defense counsel made no mention of any potential defect in the appellant’s prior convictions.
 

 Officer Pollard, an expert in the identification and comparison of fingerprints, then testified at the hearing. Officer Pollard testified to taking the defendant’s fingerprints in open court (S-l) and comparing them to fingerprints on an arrest register (S-2) bearing the appellant’s name. Officer Pollard then viewed the State’s “Exhibit 3,” which he described as a certified pack of documents relating to a conviction for possession with the intent to distribute. He testified that the name and item number on S-2 matched the arrest register in S-3. The charges | non both were the same, possession of cocaine with the intent to distribute. Officer Pollard further testified that he compared the fingerprints on S-l with those on a different arrest register (S-l); the fingerprints matched. Finally, Officer Pollard testified that the fingerprints on S-l matched those on the back of a bill of information contained in the State’s “Exhibit 5.”
 

 Following the State’s direct examination of Officer Pollard, the defense counsel declined to cross-examine him. The court then excused the witness, and the assistant district attorney advised the court that the State had nothing further and “submits. State offers, files, and introduces State’s Exhibits one through five.” The State tendered the documents, and the trial court reviewed them; the court then stood in recess. When the proceedings resumed, the court began to render its judgment, but defense counsel interrupted, noting that the State had moved to offer and introduce the evidence, and if the court was going to admit the evidence, defense counsel wished to object “to perfect the record.” Defense counsel then set out the grounds for his objection as follows:
 

 Assuming the evidence is admitted, the defense would like to object on the basis that, to protect my client’s rights on appeal for the Louisiana Appellate Project, that the state submitted before the evidence was admitted. We’d like to make our objection for the record.
 

 The court responded by stating that the evidence was admitted and made a part of the record. The court then found, based on the testimony of Officer Pollard and the documents presented, that the appellant was guilty as charged of being a third-offender. Defense counsel noted the defense’s objection without pointing to any particular deficiencies in the sufficiency of the State’s evidence.
 

 After finding that the appellant was a triple offender, the court reviewed the | mappellant’s criminal history at length.
 
 [4]
 
 After vacating the original sentence, the court sentenced the appellant to the maximum term of five years. Defense counsel noted an objection to vacating the original sentence, arguing that the appellant had already completed the sentence. At the very end of the hearing, defense counsel informed the court that the appellant wanted him to make one more objection for the record and stated that his client wished the record to reflect that one continuance of the multiple bill hearing, which the court had attributed to the defense when reviewing the record in connection
 
 *806
 
 with the motion to quash, was in fact due to a trial in progress.
 

 Review of the record and the transcript reflects that the only objection, aside from the issue of the timeliness of the hearing raised in the memorandum in support of the motion to quash and orally argued at the hearing, was lodged. That objection was to the trial court considering any/all of the State’s exhibits because the State failed to offer and introduce the exhibits prior to submitting its case. Nevertheless, appellant contends that the general objection made by his counsel following the trial court’s formal adjudication of the appellant as a third offender is sufficient to preserve the issue for review.
 

 While this Court has held an oral objection may be sufficient to preserve the issue of whether the State proved the defendant’s identity and the validity of the prior guilty plea,
 
 see State v. Anderson,
 
 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14, this Court has also held that the lack of an objection to the proof of a discharge date precludes review.
 
 See State v. Juengain,
 
 09-0425 (La.App. 4 Cir. 1/20/10), 41 So.3d 499. In this case, counsel made a specific objection on one issue for the express purpose of preserving the issue so that appellate counsel could raise the issue on appeal.
 
 [5]
 
 Trial counsel also, at the request of his client, objected to what the appellant believed was the trial court’s mischaracterization by a cause of a previous continuance of the multiple bill hearing. Further, as noted above, the record in this matter establishes that, months pri- or to the hearing, trial counsel in writing requested copies of the multiple bill exhibits, including information regarding discharge dates, which the State intended to introduce at the hearing. At the hearing, the State informed the court that it had complied with counsel’s request; the appellant’s trial counsel informed the court that he was prepared to proceed with the hearing and did not dispute that the State had complied with his request.
 

 The record in the instant matter establishes clearly that trial counsel made certain specific objections at the multiple bill hearing but elected to make none as to the alleged lack of proof of a discharge date. This lack of an objection on this issue precludes review on appeal.
 

 DENIAL OF THE EFFECTIVE ASSISTANCE OF COUNSEL
 

 In a second, alternative, assignment of error, the appellant avers that, if it is determined that counsel’s failure to object to the purported lack of proof of the discharge dates precludes consideration of the issue, then his trial counsel was ineffective in not making an objection. In order to prevail on such a claim, the appellant must prove both deficient conduct and prejudice.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The record shows 112that the appellant was not prejudiced.
 

 As noted herein, the trial court reviewed the appellant’s criminal history as set out in the presentence investigation report prepared for the sentencing in case number 467-770. The court noted that the defendant had a conviction for manslaughter in 2004. This plea was entered after this Court had reversed the defendant’s 1995 conviction and life sentence for second degree murder and remanded for further proceedings. See
 
 State v. Randall,
 
 02-0248 (La.App. 4 Cir. 10/16/02), 830
 
 *807
 
 So.2d 1062. On remand, the State amended the indictment to charge manslaughter; the defendant pled guilty; and the court sentenced him to eleven years.
 

 In her supplemental brief, appellate counsel concedes in a footnote that this manslaughter conviction was included in the multiple bill, but later the bill was amended to remove it. However, the manslaughter conviction was not removed from the multiple offender bill filed in case number 467-770, the appeal of which is pending in this Court under docket number 2010-KA-1027.
 
 [6]
 
 Further, the multiple bill exhibits in the record of 2010-KA-1027 are cited by the appellant in the supplemental brief filed by counsel. These exhibits include a complete certified “Pen Pack” from the Department of Corrections. This material contains the Department’s records of the defendant’s dates of convictions, incarcerations, and discharges from custody and supervision. The records show that appellant was physically in the custody of the Department of Corrections from January 1996 until August 2003. He was also incarcerated in the Department of Corrections during the years 1993 and 1994 as a result of probation revocations in case numbers 340^376 (five-year sentence) and 344-978 (three-year sentence), which are the predicate convictions which form the basis of the appellant’s adjudication as a third offender in the instant case. The records further show that, on May 15, 1992, the appellant was arrested for second degree murder and was later convicted and sentenced to life under case number 363-554. After the conviction and life sentence were vacated by this Court on appeal,
 
 [7]
 
 the appellant entered a guilty plea to manslaughter and was sentenced to eleven years at hard labor, with credit for time served, on March 3, 2004.
 

 In computing the ten-year cleansing period, La. R.S. 15:529.1(0 provides that “any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.”
 

 The appellant was incarcerated for the majority of the years between the revocation of his probations in 1992 in the two predicate convictions and when he committed the instant offense on February 5, 2006. Thus, he cannot show prejudice by his trial counsel’s failure to object to the State’s alleged failure to prove the discharge dates for the predicate convictions as the records before the trial court amply reflected that, due to his incarceration, the “cleansing period” did not expire.
 

 | i4Following the trial court’s adjudication of the appellant as a third offender, the court stated that it had reviewed both records and the predicate convictions that formed the basis for the adjudication. The court noted that the appellant’s probation
 
 *808
 
 had been revoked by the trial judges in his two earlier cases and that warrants had been issued in both for failing to appear in court. The trial court reviewed the appellant’s entire criminal record, including his conviction for second degree murder in case number 363-554 and his subsequent guilty plea on March 3, 2004 to the reduced charge of manslaughter. Neither defense counsel nor the appellant disputed the court’s recitation of the appellant’s criminal record.
 

 The appellant was incarcerated for the majority of the years between the revocation of his probations in 1992 in the two predicate convictions and when he committed the instant offense on February 5, 2006. Thus, he cannot show prejudice by his trial counsel’s decision not to object to the State’s alleged failure to prove the discharge dates for the predicate convictions as the records before the trial court amply reflected that, due to his incarceration, the ten-year “cleansing period” did not expire.
 

 DECREE
 

 The appellant’s multiple offender adjudication is affirmed. The appellant’s sentence is amended to delete the prohibition on parole, and as amended, the appellant’s sentence is affirmed. The trial court is directed to issue a corrected commitment order to the Department of Corrections.
 

 CONVICTION AFFIRMED; SENTENCE AMENDED; AFFIRMED AS AMENDED.
 

 [1]
 

 . The July 1, 2009 minute entry also purported to correct the March 13, 2009 minute entry to reflect that the appellant’s sentence was to run consecutively. The original March 13, 2009 minute entry reflected that the sentence was concurrent. The transcript is silent on whether the sentence was to be served concurrently or consecutively. By operation of law, if the court is silent on whether the sentence is to be served concurrently, it must be served consecutively. La.C.Cr.P. art. 883. Therefore, the July 1, 2009 correction was proper.
 

 [2]
 

 . Based upon a motion of the appellant pro se, this Court furnished him with a copy of the record and time in which to file a supplemental brief to that filed by his appointed counsel. He has not done so.
 

 [3]
 

 . The appeal in 2010-KA-1027 is from the appellant’s adjudication as a fourth offender and sentence to life imprisonment in district court case number 467-770. The original sentencing in case number 467-770 occurred on March 13, 2009, the same date the appellant was adjudicated and sentenced as a third offender in the instant matter.
 

 [4]
 

 . The court had obtained a presentence investigation report in connection with the sentencing in the appellant's later case, case number 467-770. Defense counsel did not dispute any of the information that the court read into the record, including the recitation of the appellant's prior five felony convictions, probation revocations, and parole revocations.
 

 [5]
 

 . The appellant has not raised the issue of the late submission of the exhibits in either his original or supplemental briefs.
 

 [6]
 

 . Because the manslaughter conviction was not removed from the multiple bill in case number 467-770, the appellant was adjudicated a fourth offender and sentenced to life in prison.
 

 [7]
 

 . In the original appeal from the conviction for second degree murder on October 20, 1993, and the sentence of life imprisonment imposed on October 12, 1995, this Court in
 
 State v. Randall,
 
 unpub., 98-1633 (La.App. 4 Cir. 7/26/2000), conditionally affirmed the defendant’s conviction and remanded the case to the trial court to determine whether a witness' entire prior testimony was introduced at the trial. The trial court conducted an evidentiary hearing and determined that the witness’ entire testimony was presented to the jury. In an out-of-time appeal from that ruling, this Court reversed the appellant's conviction and remanded for further proceedings.
 
 State v. Randall,
 
 02-0248 (La.App. 4 Cir. 10/16/02), 830 So.2d 1062.