LOVE, J.,
Concurs in Part and Dissents in Part and Assigns Reasons.
hi respectfully concur in the results. However, I write separately to dissent from the discussion of whether the “cleansing period” pursuant to La. R.S. 15:529.1(C) had lapsed because Mr. Robair did not adequately preserve his right to appeal the issue.
The majority addresses Mr. Robair’s assertions on appeal regarding the discharge date for his third predicate offense. However, “this Court has ... held that the lack of an objection to the proof of a discharge date precludes review.” State v. Randall, 10-0027, p. 10 (La.App. 4 Cir. 10/27/10), 51 So.3d 799, 806.
A docket master entry reflects that on July 9, 2012, Mr. Robair filed a response and objections to the multiple bill. However, these alleged documents are not con *104 tained in the record. Therefore, I find the present case similar to State v. Moore, 10-0314, p. 11 (La.App. 4 Cir. 10/13/10), 57 So.3d 1033, 1042, on reh’g, (La.App. 4 Cir. 1/26/11), writ denied, 11-0404 (La.9/2/11), 68 So.3d 525, in that, while the record contains a docket master entry allegedly depicting a filing in response to the multiple bill, this Court has an incomplete record for review. The issue “may be raised in an application for post-conviction relief.” Id. Therefore, I would affirm Mr. Robair’s conviction and sentence without addressing the “cleansing period.”