JjDREW, J.
In exchange for the state’s agreement not to charge him as a second habitual felony offender, defendant, Reginald Davis, pled guilty as charged to one count of second degree cruelty to a juvenile, a violation of La. R.S. 14:93.2.3 punishable by imprisonment at hard labor for not more than 40 years. The court imposed a sentence of 30 years at hard labor and denied a timely motion for reconsideration. On appeal, defendant argued: (1) the trial court inadequately articulated its reasons for sentence, (2) the sentence was disproportionate when compared to sentences imposed for “similar” offenses, (3) the sentence was excessive, and (4) the trial court erred in denying the motion for reconsideration of sentence. Finding no merit to these assignments, we affirm.
On March 18, 2003, this defendant was living with E.N. and her four-year-old son, A.N., in their Shreveport residence. While the mother was at work, defendant beat A.N. for being unable to count properly. The child’s injuries were extreme: severe bruising on both his sides and abdomen, his entire back completely discolored from shoulders to knees, and human bite marks on face and buttocks, which were *710 bleeding. The • child identified defendant as the assailant.
The reviewing court imposes a two-pronged test to determine whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767j_2(La.App.2d Cir.6/24/98), 715 So.2d 641. Where, as here, the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982).
Second, a sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29, 519 (La. App.2d Cir.4/2/97), 691 So.2d 864. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980).
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38, 440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
|sThe defendant compares this sentence with sentences imposed in cases involving other offenses. This comparison is not persuasive. Our jurisprudence requires comparison between the same offenses, not merely “similar” charges. See State v. Foley, 456 So.2d 979 (La.1984); State v. Dunn, supra.
Prior to imposing sentence, the trial court considered the facts of the case and heard testimony from the attending physician, the victim’s mother, and defendant’s family members.
Dr. Haynes testified that the child was black and blue from his shoulders to his knees. Several areas of skin had been torn from his back side including his buttocks — in part due to human bites. His body was severely swollen from the accumulation of blood under the skin. The child appeared to be twice his normal size. His kidneys had failed. He had a “terribly high” chemical imbalance, and he had severe muscle damage. The injuries were so severe that the doctor was concerned the child might suffer cardiac arrest. Dr. Haynes said this was “one of the more severe beatings” he had seen; “probably one of the worst cases I have seen in someone that didn’t actually die.” The child was in intensive care for over a week. The child said defendant had kicked him, hit him with his fists, and thrown him.
The victim’s mother testified that her son couldn’t walk when she returned from work and found him lying on a bed.
In mitigation, the defendant’s mother and uncle testified that the defendant *711 wasn’t a violent person. The record reflects that he was a high | ¿school graduate with a prior conviction for attempting to disarm a police officer. Other charges, including carjacking, had been dismissed.
The court commented that it couldn’t conceive how someone could inflict these types of injuries on a minor child. After considering the testimony of the doctor, the child’s mother and defendant’s family members, the court sentenced defendant to 30 years at hard labor.
During a hearing on the motion to reconsider sentence, the court added as an aggravating factor that defendant had refused to allow the child to receive medical attention. As a result, the child suffered through the night with his severe internal injuries, resulting in kidney failure. The court also pointed out that defendant would have faced a maximum of 80 years if charged as a habitual offender. The court concluded that the sentence was appropriate under these circumstances.
On this record, we do not find constitutional error. Although the court’s articulation of reasons for sentence was minimal, the record supports the sentence imposed. Defendant inflicted a horrific beating on a small, defenseless child.
The defendant received great lenience from the state’s agreement not to charge him as a habitual offender, reducing by half his maximum sentencing exposure. The sentence imposed is lawful and is neither grossly disproportionate to the severity of the offense of conviction nor, under the facts and circumstances, is it shocking to our sense of justice. There is no showing of a manifest abuse of the district court’s discretion in the imposition of this sentence. The sentence is not constitutionally excessive, | sand the trial court did not err in denying the motion for reconsideration of sentence.
No error patent was noted.
The conviction and sentence are AFFIRMED.