NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-0391

STATE OF LOUISIANA

VERSUS

J. S.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 21514-07
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

John F. DeRosier
District Attorney
Carla S. Sigler
Assistant District Attorney
Fourteenth Judicial District
1020 Ryan Street
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR APPELLANT:
     STATE OF LOUISIANA

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641

**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **J. S.**
**J. S. #75461 Dorm 2**
**P.O. Box 819**
**Simmesport, LA 71369**
**DOC# 559227**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Pro Se**

PETERS, J.

The defendant, J.S.,[1] appeals the sentence imposed by the trial court for her conviction of the offense of second degree cruelty to a juvenile, a violation of La.R.S. 14:93.2.3. For the following reasons, we affirm the sentence in all respects.

## DISCUSSION OF THE CASE

On December 13, 2007, the State of Louisiana (state) charged the defendant by grand jury indictment with three counts of second degree cruelty to a juvenile. Later, on March 19, 2009, the state charged the defendant by a separate grand jury indictment with an additional two counts of the same offense. On September 11, 2009, the defendant entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), to one count under each indictment. In exchange for those pleas, the state dismissed the other charges.

On January 8, 2010, the trial court sentenced the defendant to the same sentence on each count—thirty years at hard labor, with eighteen of the thirty years suspended, and five years supervised probation upon release from custody.[2] The trial court ordered that the terms of imprisonment run concurrently to each other, but that the five-year probation periods run consecutive to one another. The plea to the December 13, 2007 indictment is the subject of this appeal.[3]

In this appeal, the defendant's legal counsel raises one assignment of error. Additionally, the defendant has filed a *pro se* brief which raises a number of issues but does not assert them as assignments of error. Her legal counsel asserts that:

The Trial Court erred in that the sentences imposed upon [J.S.] are

---

[1] The victim in this matter is a minor. Therefore, pursuant to La.R.S. 46:1844(W), we will refer to the primary parties by initials.

[2] Initially, the trial court ordered that twelve years of the thirty-year sentence be served without benefit of probation, parole, or suspension of sentence. However, on January 13, 2010, the trial court deleted that portion of the sentence.

[3] The plea entered to the March 19, 2009 indictment is the subject of another appeal now before this court. The matters were consolidated for briefing purposes only.

constitutionally excessive.

After addressing the single assignment of error, we will attempt to address the defendant's issues to the fullest extent possible.

**OPINION**

*Assignment of Error*

The factual background supporting the sentence imposed is that between July 20, 2007 and August 21, 2007, J.S. mistreated L.S., a child under the age of seventeen, and that this mistreatment resulted in serious bodily injury to L.S., specifically a cranial fracture. After the trial court imposed sentence, the defendant's trial counsel objected to the incarceration portion of the sentence, but stated that he had no objection the consecutive probation periods. However, on appeal, the defendant asserts that the trial court erred, not only in imposing an excessive sentence, but in requiring consecutive probation terms. With regard to this latter argument, the defendant asserts that because La.Code Crim.P. art. 893 restricts probationary periods to no more than five years, imposition of two consecutive five-year probationary terms circumvents the legislative intent of that article.

In considering the defendant's arguments on appeal, we first note that the defendant did not file a motion under La.Code Crim.P. art. 881.1 to have her sentence reconsidered. We addressed the effect of such a failure in *State v. Davis*, 06-922, pp. 2-3 (La.App. 3 Cir. 12/29/06), 947 So.2d 201, 202-03 (alteration in original), where this court held:

> According to La.Code Crim.P. art. 881.1, failure to make or file a motion to reconsider sentence precludes a defendant from raising, on appeal, any objection to the sentence. When the record does not indicate that any objection was made regarding sentencing, the defendant is precluded from appealing his sentence. *State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La.1/31/03), 836 So.2d 59.

2

Although Defendant's sentencing claim is barred pursuant to La.Code Crim.P. art. 881.1, we will review Defendant's sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La.10/14/02), 827 So.2d 420. This court has reviewed claims regarding the consecutive nature of sentences using a bare claim of excessiveness analysis. *See State v. Vollm*, 04-837 (La.App. 3 Cir 11/10/04), 887 So.2d 664; *State v. Day*, 05-287 (La.App. 3 Cir 11/2/05), 915 So.2d 950.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

*See, e.g., State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682.

Considering this background, and in the interest of justice, we will review the defendant's sentence for bare excessiveness.

In considering the sentence imposed, we first note that we find no merit in the defendant's argument that Article 893 prohibits the trial court from imposing consecutive probation periods for two separate convictions. Louisiana Code of Criminal Procedure Article 893(A) does provide that the probation sentence for *a*

3

*conviction* "shall not be less than one year nor more than five years." However, nothing in that article prohibits the trial court from imposing consecutive probationary sentences when sentencing an individual for *separate* offenses.

Notwithstanding the clear language of Article 893, the defendant argues that our holding in *State v. Ste. Marie*, 97-168 (La.App. 3 Cir. 4/18/01), 801 So.2d 424, is supportive of her position. We find that case to be distinguishable from the matter now before us. In *Ste. Marie*, the defendant had been sentenced to serve four five-year consecutive sentences at hard labor for his conviction on four counts of indecent behavior with juveniles. Additionally, the trial court had suspended all but two years on each count, placed the defendant on probation for five years on each count, and ordered the probation periods to run consecutive. We reversed the sentences imposed and remanded the matter to the trial court for imposition of concurrent sentences. However, we did so not because of a violation of Article 893, but because we found that the sentences themselves were excessive given the first-offender status of the defendant and the fact that the offenses constituted a common scheme or plan as addressed by La.Code Crim.P. art. 883. The issue of whether Article 893 prohibits consecutive probation sentences that exceed five years was not addressed.

With or without the consecutive probation terms, the defendant argues that her sentence is still excessive. We disagree with this argument as well.

Louisiana Revised Statutes 14:93.2.3(C) provides that "[w]hoever commits the crime of second degree cruelty to juveniles shall be imprisoned at hard labor for not more than forty years." Thus, the penalty imposed on the defendant represents three-fourths of the maximum sentence that could have been imposed. In *State v. Semien*, 06-841, pp. 11-12 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, the court stated the following with regard to the

4

analysis of an excessive sentence claim:

> The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:
>
> 1. The nature of the crime,
>
> 2. The nature and background of the offender, and
>
> 3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La. App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, first two alterations in original.

In considering the nature of the offense, we can only conclude that it is one of the most egregious criminal acts imaginable. It "is the intentional or criminally negligent mistreatment or neglect by anyone over the age of seventeen to any child under the age of seventeen which causes serious bodily injury or neurological impairment to that child." La.R.S. 14:93.2.3(A)(1). For purposes of the statute, "'serious bodily injury' means bodily injury involving protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or substantial risk of death." La.R.S. 14:93.2.3(A)(2).

With regard to the nature of this particular offense and the nature and background of the defendant, the trial court rendered extensive oral reasons for sentencing defendant as he did. Among its many factual findings, the trial court found that at the time of sentencing, the defendant was twenty-three years old; that she was a first offender; that she was the mother of four children, including the victim; that she suffered from postpartum depression; that she used marijuana on a

5

weekly basis; that the victim was one of a set of twins and was two months old when the first injuries were inflicted; that over time, the child sustained multiple injuries including fractures from her feet to her head; and that the medical records reflect the injuries were from "non-accidental trauma." Furthermore, the trial court noted that after the first offense, efforts were made through the court system to train the defendant to recognize and perform her responsibilities toward her child, but that she failed in that regard. In fact, according to the trial court, within five weeks from the time the child was returned to the defendant, other questionable injuries occurred. As do we, the trial court had difficulty finding an offense sufficiently despicable to compare to the defendant's actions. In conclusion, the trial court stated that it had considered the requirements of La.Code Crim.P. art. 894 and 894.1, and found little to suggest that the defendant could benefit from mitigating factors other than her first-offender status.

In support of her position that the sentence imposed was excessive, the defendant cites *State v. Stevens*, 532 So.2d 197 (La.App. 3 Cir. 1988), *writ denied,* 541 So.2d 852 (La.1989), and *State v. Merritt*, 03-946 (La. App. 3 Cir. 3/17/04), 875 So.2d 80, *reversed in part on rehearing*, 03-946 (La.App. 3 Cir. 10/13/04), 884 So.2d 1283, *writ granted*, 04-2827 (La. 3/18/05), 896 So.2d 987.

In *Stevens*, the defendant, who was the father of the three-year-old victim, was sentenced to five years at hard labor after being convicted of two counts of cruelty to a juvenile, violations of La.R.S. 14:93, with both sentences to run concurrently. His convictions arose because he had placed his child in bath water he knew was too hot as punishment for the child having soiled her clothes. Fifteen to thirty seconds in the water resulted in second and third degree burns to the child. There were other prior acts of abuse. This court found the sentences were not excessive.

6

In *Merritt*, after being convicted of four counts of cruelty to a juvenile, the defendant, who was the stepfather of a two-and-one-half-year-old victim, was sentenced to two years at hard labor on two counts, and to seven years at hard labor on the other two counts. The trial court ordered that all sentences run consecutively. The defendant had held the child's eyelids open and sprayed hair spray into her eyes, causing corneal abrasions; had twisted her left leg in such a manner as to cause a spiral fracture of the lower tibia; had pulled her right arm back in such a manner as to fracture the bone of the upper arm; and had refused to allow the victim to receive medical attention. On appeal, the defendant argued that running the sentences consecutively rendered his cumulative eighteen-year hard-labor sentence excessive. We rejected this argument and affirmed the sentences.[4]

We do not find the defendant's reliance on these cases to be persuasive. They are distinguishable from the matter now before us because they both involved violations of La.R.S. 14:93, rather than La.R.S. 14:93.2.3. That being the case, the "serious bodily injury" requirement was not present in either opinion, and the lack of this one element reduced the maximum incarceration potential from forty years at hard labor to ten years at hard labor. La.R.S. 14:93(D).

This court, in *State v. Dixon*, 03-160 (La.App. 3 Cir. 6/4/03), 852 So.2d 471, affirmed a thirty-year hard-labor sentence for a violation of La.R.S. 14:93.2.3, where the second-offender stepfather defendant beat his victim with an extension cord and walking cane. His attack caused the victim persistent open sores, bleeding, and pain.

In *State v. Galliano*, 05-962 (La.App. 5 Cir. 8/29/06), 945 So.2d 701, *writ denied*, 06-2367 (La. 4/27/07), 955 So.2d 682, the appellate court affirmed a forty-

---

[4]We do note that on rehearing, this court reversed the defendant's conviction on one of the four counts and remanded the matter for a new trial. *State v. Merritt*, 03-946 (La.App. 3 Cir. 10/13/04), 884 So.2d 1283. However, that action did not arise from consideration of the sentences imposed.

year hard-labor sentence for a first offender defendant's conviction of second degree cruelty to a juvenile. As is the case in the matter before us, the victim was removed from the defendant after sustaining a traumatic injury[5] while in the defendant's care. The child's custody was initially taken away from the defendant, but was later returned to him. Two weeks thereafter, the child was hospitalized with clinical findings of "nerve damage, hemorrhages in both eyes, and subdural bleeding were indicative of 'abusive head trauma . . . known as Shaken Infant Impact Syndrome.'" *Id*. at 709.

Finally, in *State v. Davis*, 39,197 (La.App. 2 Cir. 12/16/04), 890 So.2d 708, *writ denied*, 05-1346 (La. 1/9/06), 918 So.2d 1041, the appellate court affirmed a thirty-year hard labor sentence for a second offender convicted of second degree cruelty to a juvenile. The child's injuries included severe bruising on both his sides and abdomen, his entire back completely discolored from shoulders to knees, and human bite marks on his face and buttocks, which were bleeding. Additionally, the child suffered kidney failure and severe muscle damage.

Considering the nature of the offense, the nature and background of the defendant, and the sentences imposed for similar crimes, we find no merit in the defendant's argument that her sentence is excessive. Although the incarceration sentence on each count is in the middle to high range provided by La.R.S. 14:93.2.3, each count is subject to having eighteen years of the total sentence suspended. Additionally, the defendant benefitted from her plea agreement with the state wherein three charges were dismissed. With regard to the argument that the trial court could not run the period of probation consecutively, we find nothing to prohibit the trial court from doing so. Therefore, we find no merit in the single assignment of error

---

[5]In *Galliano*, the child initially sustained a fractured femur.

filed by defendant's counsel.

*Pro Se Arguments*

The defendant does not set out her arguments in her brief to this court as assignments of error. Instead, she breaks her complaints into several sections entitled "**STATEMENT OF THE CASE**," followed in each instance by a section entitled "**ARGUMENT**," wherein she attempts to raise her complaint relating to the particular comment found in each individual "**STATEMENT OF THE CASE**" section. Of these various section combinations, many relate to issues involving evidentiary issues.[6] We will not consider these as they are precluded from review as the defendant entered an unqualified plea in the trial court. *See State v. Jefferson,* 36,562 (La.App. 2 Cir. 1/29/03), 837 So.2d 733, *writ denied*, 03-933 (La. 11/7/03), 857 So.2d 516; *Cf. State v. Sullivan*, 02-360 (La.App. 3 Cir. 10/2/02), 827 So.2d 1260, *writs denied*, 02-2931 (La. 4/21/03), 841 So.2d 790, and 02-2965 (La. 9/5/03), 852 So.2d 1024. We will only consider those issues which appear to address the sentence imposed.

The defendant argues in one of her section combinations that "The District Attorney's claim that defendant was sentenced to serve twelve (12) years on each count to run consecutively, with eighteen (18) years suspended on each count to run consecutively. When in fact the defendant was only sentenced to do one twelve (12) year sentence to run concurrent to each other and eighteen (18) years suspended to also run concurrent to each other . . . ." With regard to this statement, the defendant's complaint is unclear. It matters not what the state's position may be on the sentence imposed, and it is clear from the record that the trial court sentenced the defendant as previously stated. Thus, to the extent that the defendant complains of the state's

---

[6]In many of these combination sections, the issue being raised is not clear from a reading of the *pro se* brief, other than that the issue is not related to the sentencing process.

position on the actual sentence, we find no merit in this argument.

The defendant also complains that she was not present when the trial court clarified the sentence imposed by deleting the reference to its original imposition of sentence without the benefit of probation, parole, or suspension of sentence. We find no merit in this complaint as well.

The correction of sentence occurred in an open-court hearing held on January 3, 2010, with the counsel for the state and the defendant present. Louisiana Revised Statutes 14:93.2.3 does not restrict benefits of probation, parole, or suspension of sentence. Thus, the trial court properly acted in correcting the illegally imposed sentence. *See* La.R.S. 15:301.1(B). Additionally, La.Code Crim.P. art. 882(A) provides that "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." With regard to the need for the defendant to be personally present when the illegal sentence is corrected, this court stated in *State v. Champagne*, 506 So.2d 1377, 1379 (La.App. 3 Cir. 1987), that "we have found no statutory or jurisprudential authority mandating the presence of a defendant at a hearing when the trial court simply corrects a previously imposed illegal sentence."

## DISPOSITION

We affirm the defendant's sentence in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.